JORDAN, Appellant,

v.

JORDAN, Appellee.

[Cite as *Jordan v. Jordan* (1996), 117 Ohio App.3d 47.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 96CA2411.

Decided Dec. 26, 1996.

**48**

---

*Mary Bone Kunze,* for appellant.

*J.B. Marshall, Jr.,* for appellee.

---

KLINE, Judge.

Estell Lee Jordan appeals the denial of his motion to modify or terminate spousal support. On appeal, Estell claims that the Scioto County Court of Common Pleas, Domestic Relations Division erred in finding that it did not have jurisdiction to modify spousal support. Estell argues that the trial court's reservation of jurisdiction to enforce its order that spousal support would terminate if Lillie Mae Jordan "dies, remarries or returns to full-time employment" indicates that the trial court retained jurisdiction to modify spousal support for any change in circumstances. We disagree. Estell also argues that cohabitation is equal to marriage for purposes of the trial court's reservation of jurisdiction to terminate spousal support. We disagree. Accordingly, we affirm the judgment of the trial court.

I

The Scioto County Court of Common Pleas, General Division granted the Jordans a divorce on January 8, 1993.[1] The court ordered Estell to pay Lillie spousal support in the amount of $300 per month for the next fourteen years. The court provided that spousal support would terminate if Lillie "dies, remarries or returns to full-time employment." The court expressly retained jurisdiction to enforce its orders.

On November 29, 1993, Estell motioned that spousal support be modified or terminated because Lillie was cohabitating with an unrelated adult male. The trial court found that Lillie was residing with an unrelated adult male and that they appeared to be sharing living expenses. The trial court thus found that there was a change in circumstances. Nonetheless, the trial court determined that it lacked jurisdiction to modify spousal support and that termination of spousal support was not appropriate because Lillie had not died, remarried, or

---

1. The Scioto County Court of Common Pleas, Domestic Relations Division was not in existence at the time the General Division granted the Jordans a divorce.

returned to full-time employment. The trial court therefore denied Estell's motion. Estell now appeals and asserts the following assignment of error:

"The trial court erred, as a matter of law, in deciding that it did not have continuing jurisdiction to modify the prior award of spousal support."

## II

Courts are authorized to modify awards of spousal support pursuant to R.C. 3105.18(E), which provides:

"[I]f a continuing order for periodic payments of money as spousal support is entered in a divorce * * *, the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

"(1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support."

## A

Estell contends that the court could not limit the jurisdiction it retained to terminate spousal support only to situations where Lillie "dies, remarries or returns to full-time employment." In essence, Estell argues that the court had two choices: either (1) retain jurisdiction to modify or terminate or (2) not retain jurisdiction to modify or terminate. Estell therefore argues that the trial court's retention of jurisdiction to terminate in certain situations should be broadly interpreted to allow the trial court to modify spousal support here. We disagree.

R.C. 3105.18 was revised in 1986 to provide that a court could modify spousal support only if it expressly reserved such jurisdiction in the divorce decree. Prior to this revision, the Ohio Supreme Court had reached the same result for spousal support awarded for fixed period of years. *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 17 OBR 14, 476 N.E.2d 1032, syllabus; *Colizoli v. Colizoli* (1984), 15 Ohio St.3d 333, 336, 15 OBR 458, 460–461, 474 N.E.2d 280, 283–284. In *Ressler*, the Ohio Supreme Court held that a trial court's limited retention of jurisdiction to terminate an award of spousal support, which was for a definite period and amount, on the occurrence of certain events did not confer the trial court with a general power to modify spousal support unless the power to modify was expressly reserved. Therefore, a trial court can retain jurisdiction to terminate spousal support on the occurrence of certain events without retaining power to modify spousal support for a change in circumstances. The policy behind the limited retention of jurisdiction is the desire that awards of spousal support possess a degree of finality and certainty. *Ressler v. Ressler, supra.*

The *Ressler* court found that a decree which provided that spousal support would terminate in the event of death, remarriage or cohabitation did not provide the trial court with jurisdiction to modify the alimony award. Here, the divorce decree provided that the trial court retained jurisdiction to terminate spousal support in the event of Lillie's death, remarriage, or return to full-time employment. The trial court did not retain jurisdiction to modify spousal support in the divorce decree and Estell did not appeal. Furthermore, we note that the spousal support award was for a definite time and amount. Therefore, pursuant to *Ressler*, the trial court did not possess jurisdiction to modify the spousal support. Estell's contention is overruled.

B

Estell next argues that cohabitation is equal to marriage for purposes of the trial court's retention of jurisdiction to terminate spousal support if Lillie remarries. Estell contends that the public policy in favor of marriage dictates this outcome to avoid providing a disincentive for Lillie to marry.

Estell is correct in observing that courts frown upon impediments to marriage. The union of two people in marriage has been the ultimate expression of commitment and love throughout this nation's history and has been the bedrock upon which our society has built and continues to build upon. Accordingly, public policy looks unfavorably on restraints to marriage. See *King v. King* (1900), 63 Ohio St. 363, 59 N.E. 111; *Saslow v. Saslow* (1957), 104 Ohio App. 157, 162, 4 O.O.2d 230, 232–233, 147 N.E.2d 262, 266. See, also, *Zablocki v. Redhail* (1978), 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618.

Estell also cites *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 420, 75 O.O.2d 474, 485–486, 350 N.E.2d 413, 426–427, for the proposition that cohabitation must be considered when determining whether to modify spousal support. In *Wolfe*, the Ohio Supreme Court first found that the trial court had jurisdiction to modify spousal support and then considered cohabitation as one factor favoring the modification of spousal support. However, the Ohio Supreme Court did not address whether a reservation of jurisdiction for marriage encompassed cohabitation because cohabitation was essentially treated as a change in circumstances.

Notwithstanding our public policy in favor of marriage, we cannot find that cohabitation equates to marriage. Estell's argument essentially seeks to create a common-law marriage for Lillie and her cohabitant. However, common-law marriages, which recognized two as husband and wife without a solemnized ceremony when the two cohabitated and held themselves out as married, were abolished in Ohio in 1991. R.C. 3105.12(B). Therefore, we find that cohabitation is not equal to marriage for purposes of Estell and Lillie's divorce decree.

While we find that the trial court did not have jurisdiction to terminate spousal support on evidence of cohabitation, we recognize that this may provide for an inequitable outcome: Lillie may be receiving voluntary support for her cohabitant as well as spousal support from Estell. See *Moell v. Moell* (1994), 98 Ohio App.3d 748, 751, 649 N.E.2d 880, 882–883. However, R.C. 3105.18 reflects a policy decision to accept some inequities in order to bring finality and certainty to spousal support proceedings. See *Ressler v. Ressler, supra.* We note that these perceived inequities have led some courts to reserve jurisdiction to terminate spousal support upon cohabitation in the divorce decree. See *e.g., Ressler v. Ressler, supra; Moell v. Moell, supra.* However, we must add that a court is not required to reserve jurisdiction to terminate spousal support if cohabitation is found. *Eley v. Eley* (Mar. 11, 1994), Logan App. No. 8–83–18, unreported, 1994 WL 83411.

### III

In summary, we find that the trial court did not have jurisdiction to modify the award of spousal support because jurisdiction was not retained to modify the award in the divorce decree. We also find that the trial court could not terminate the spousal support because Lillie has not died, remarried, or obtained full-time employment. In so doing, we determined that cohabitation is not equal to marriage. Accordingly, Estell's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HARSHA and STEPHENSON, JJ., concur.