Defendant-appellant, Herbert Ritchie, appeals from a decision of the Warren County Court of Common Pleas, Domestic Relations Division, denying his motion to terminate spousal support and finding him in contempt for failing to pay spousal support to plaintiff-appellee, Darless Ritchie. We affirm.
Appellant and appellee were granted a divorce pursuant to a final decree and judgment entry that was entered on November 30, 1990. The decree provided that appellant would pay spousal support to appellee in the amount of $100 per week. The decree further provided that when appellant retired, the amount of spousal support would be adjusted to one half of his retirement income not to exceed $100 per week. The decree did not provide any conditions upon which the spousal support would terminate and did not contain a reservation of jurisdiction to modify or terminate the spousal support.
On August 7, 1997, appellant filed a motion to terminate his obligation to pay spousal support. On August 29, 1997, appellee filed a motion for contempt asserting that appellant had failed to pay spousal support since June 6, 1997. On October 10, 1997, appellee filed a motion for summary judgment as to appellant's motion to terminate spousal support.
On November 7, 1997, appellant's counsel filed a motion to withdraw. On November 7, 1997, the domestic relations judge granted the motion to withdraw and entered an order granting appellant thirty days to obtain counsel and respond to appellee's motion for summary judgment.
On January 8, 1998, appellant appeared at a hearing before a magistrate without counsel and moved for a continuance. The magistrate denied the motion for a continuance, because the matter had been pending since August 1997 and appellant had been given notice in November 1997 that he needed to secure an attorney. The magistrate then heard testimony from appellant and appellee. Appellee testified that she had not received any spousal support from appellant since June 1997. Appellant testified that since he was forced to retire in May 1997 and was physically unable to work, his income had been reduced to $1,147 that he received each month from Social Security. Appellant further testified that since his medicine cost $500 per month, he was unable to pay spousal support to appellee.
On January 9, 1998, the magistrate issued a decision denying appellant's motion to terminate spousal support finding that the court lacked jurisdiction to modify or terminate spousal support. In addition, the magistrate found appellant in contempt for failing to pay spousal support since June 1997 as required by the divorce decree. The magistrate ordered appellant to resume paying $100 per week of spousal support and $100 per month for thirty-seven months to satisfy a spousal support arrearage of $2,700 and appellee's attorney fees and costs in the amount of $1,000.
On January 20, 1998, appellant filed objections to the magistrate's decision. On April 28, 1998, the domestic relations judge overruled the objections and adopted the decision of the magistrate.
Appellant's brief fails to contain assignments of error as required by App.R. 16(A)(3). However, since appellant's brief was filed pro se and in the interest of justice, we will consider the issues raised by appellant as assignments of error. See Tibbs v. Cox (Aug. 17, 1998), Warren App. No. CA97-12-122, unreported. Based upon the contents of the brief and oral argument, we discern four issues for review which we will construe as assignments of error. First, appellant argues that the magistrate erred by refusing to grant him a continuance so he could obtain counsel. Second, appellant argues that the magistrate erred by denying his motion to terminate spousal support. Third, appellant argues that the magistrate erred by finding him in contempt. Fourth, appellant argues that the domestic relations judge should have recused himself from ruling upon the objections to the magistrate's decision because the domestic relations judge presided over the original divorce between appellant and appellee.
Appellant argues that the magistrate erred by failing to grant a continuance at the hearing on January 8, 1998 so that appellant could obtain counsel. A trial court has broad discretion when ruling upon a motion for a continuance.State v. Unger (1981), 67 Ohio St.2d 65, 67; Sayre v.Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 208. Thus, a trial court's denial of a motion for a continuance will only be reversed on appeal only if the trial court abused its discretion. Id. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In ruling upon a motion for a continuance, "the trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant." Sayre at 208, citing Unger at 67. The trial court may consider factors such as the length of the delay requested, prior requests for continuances, the legitimacy of the request for a continuance, whether the movant contributed to the circumstances which gave rise to the request for a continuance, inconvenience to the parties, counsel, and the court, and "other relevant factors, depending on the unique facts of each case." Id.
In the present case, appellant acknowledged that he received notice in November 1997 that his attorney was withdrawing from the case but claimed that his employer subsequently talked to the attorney and convinced him not to withdraw. Appellant further claimed that he did not actually speak to the attorney and learn that the attorney would not attend the hearing until the day before it was held, which was too late to obtain counsel. However, appellant never attempted to personally contact the attorney to determine whether he would attend until a week before the scheduled hearing. Thus, appellant waited nearly two months to confirm whether the attorney would attend the hearing, and this failure to act timely gave rise to the need for a continuance. Further, since appellant was not paying any spousal support to appellee during the five months that the matter was pending, a continuance would have caused substantial inconvenience to appellee. Accordingly, we conclude that the magistrate did not abuse his discretion by denying appellant's motion for a continuance.
Appellant argues that the magistrate erred by finding that the court lacked jurisdiction to modify or terminate his spousal support obligation. R.C. 3105.18(E) provides:
 If a continuing order for periodic payments of money as spousal support is entered in a divorce * * *, the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of spousal support.
Under the express terms of R.C. 3105.18(E), a court only jurisdiction to modify a spousal support order if the court expressly reserved such jurisdiction in the divorce decree.Jordan v. Jordan (1996), 117 Ohio App.3d 47, 49; Soley v. Soley
(1995), 101 Ohio App.3d 540, 551. This restriction on jurisdiction is intended to promote the finality and certainty of spousal support orders. See Johnson v. Johnson (1993),88 Ohio App.3d 329, 331; Murray v. Murray (Jan. 17, 1995), Warren App. No. CA94-02-018, unreported.
In the present case, the court did not reserve jurisdiction to modify the spousal support order in the divorce decree. Appellant cites several cases where the failure to reserve jurisdiction to modify a spousal support order has been found to be an abuse of discretion.[1] However, these cases are not persuasive because they involved direct appeals from the original divorce decree. See Johnson at 331; Lawson v. Garrison
(Sept. 4, 1998), Lucas App. No. L-98-1145, unreported (distinguishing direct appeals of a spousal support order in a divorce decree from post-decree motions to modify a spousal support order). Like the obligers in Johnson and Lawson, appellant filed a post-decree motion to modify the spousal support order rather than directly appealing that order.Johnson at 330; Lawson at 6-7. If a divorce decree does not contain a reservation of jurisdiction, a court lacks jurisdiction to consider a post-decree motion to modify or terminate a spousal support order. Id. Accordingly, since the divorce decree in the present case does not contain a reservation of jurisdiction, the magistrate did not err by finding that the court lacked jurisdiction to terminate appellant's obligation to pay spousal support.
Appellant argues that the magistrate erred by finding him in contempt for failing to pay spousal support. A finding of contempt will not be reversed absent an abuse of discretion.Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302. A court may find a party in contempt where that party fails to comply with a court order. R.C. 2705.02(A); Marden v. Marden (1996),108 Ohio App.3d 568, 570. A movant must prove by clear and convincing evidence that the nonmoving party violated a court order. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 139; Rinehart v.Rinehart (1993), 87 Ohio App.3d 325, 328. Once the movant has established a prima facie case of contempt, the person who failed to comply with the order bears the burden of proving his inability to comply with the court order. Id.
In the present case, it is undisputed that appellant failed to comply with the spousal support order contained in the divorce decree. At the hearing, appellant merely testified that he was unable to comply with the spousal support order due to his limited income and expenses that he incurred for his medicine in the amount of $500 per month. However, appellant did not offer any evidence of his expenses to support the claim that he was unable to comply with the spousal support order. Therefore, we cannot find that the magistrate abused his discretion by finding that appellant failed to satisfy his burden of proving an inability to comply with the spousal support order. Accordingly, the magistrate did not err by finding Herbert in contempt for failing to pay spousal support.
Appellant argues that the domestic relations judge should have recused himself because he presided over the original divorce in 1990 between appellant and appellee. Appellant appears to allege that the domestic relations judge was biased or prejudiced due to this prior involvement. However, even assuming that these dubious allegations had some merit, the question of a trial judge's alleged bias or prejudice is not a proper subject for appellate review. Beer v. Griffith (1978),54 Ohio St.2d 440, 441-42. The Chief Justice of the Supreme Court of Ohio is given the authority to determine disqualification issues regarding judges of courts of common pleas, and a party seeking disqualification must file an affidavit with the Clerk of the Supreme Court. Section 5(C), Article IV, Ohio Constitution; R.C. 2701.03. Thus, a court of appeals does not have the authority to pass upon the disqualification of a judge. State v. Blankenship (1996),115 Ohio App.3d 512, 516, citing State v. Ramos (1993), 88 Ohio App.3d 394,398. Accordingly, appellant's argument lacks merit.
Based upon the foregoing, appellant's arguments are not welltaken. The assignments of error are overruled and we affirm the judgment of the trial court.
KOEHLER and WALSH, JJ., concur.
[1] The cases cited by appellant are Nori v. Nori (1989),58 Ohio App.3d 69; Jackson v. Jackson (Nov. 8, 1996), Montgomery App. No. 15795, unreported; and Wolf v. Wolf
(Mar. 24, 1995), Lucas App. No. L-93-364, unreported.