OPINION
{¶ 1} In this accelerated calendar case, appellant, Richard F. Yaeger, appeals from the judgment entered by the Geauga County Court of Common Pleas, Domestic Relations Division. The trial court denied appellant's motion to terminate an order of spousal support.
 {¶ 2} Appellant married appellee, Mary K. Yaeger, in 1974. In 2000, appellant filed for divorce. The marriage terminated by means of a separation agreement and an agreed judgment entry of divorce.
 {¶ 3} The judgment entry filed October 6, 2000, contained the following language:
 {¶ 4} "IT IS FURTHER ORDERED that Husband shall pay to Wife for spousal support $500.00 per month while the minor child is still in High School. Upon the minor child['s] graduation from High School, Husband shall pay to Wife for spousal support $1,500.00 per month, for 72 consecutive months, or sooner upon Wife['s] death, remarriage or assuming a status thereto, by wage attachment through the Geauga County Child Support Enforcement Division (CSED)."
 {¶ 5} Immediately following this typed language on the judgment entry was the handwritten language "[t]his court shall not retain jurisdiction to modify." Both parties initialed this language. The separation agreement contained an identical clause regarding spousal support, except that the language indicating the court would not retain jurisdiction was typewritten.
 {¶ 6} In February 2002, appellant filed a motion to terminate spousal support. Proceedings were held on the motion before a magistrate. The matter was submitted on stipulations and briefs of the parties. Appellee stipulated that she was living with another woman, that they were involved in a sexual relationship, that they had a joint checking account, and that they were sharing household expenses, including the mortgage payments on the residence. The magistrate issued findings of fact and conclusions of law, denying appellant's motion to terminate support. Part of the rationale of the magistrate's decision was that Ohio does not recognize same-sex marriages, therefore, appellee could not have assumed a status thereto.
 {¶ 7} Appellant filed objections to the magistrate's decision pursuant to Civ.R. 53. The trial court denied appellant's motion to terminate spousal support, citing two reasons. First, the trial court noted that the language of the judgment entry stated that the trial court would not retain jurisdiction to modify. Second, the trial court found that the entry did not provide that the order shall terminate on cohabitation.
 {¶ 8} Appellant has timely appealed the trial court's decision to this court. Appellant raises two assignments of error. His first assignment of error is:
 {¶ 9} "The trial court erred to the prejudice of the appellant by failing to assert jurisdiction over this matter."
 {¶ 10} As one of its reasons for denying appellant's motion to terminate support, the trial court found that it did not have jurisdiction over the matter. The trial court relied on the language that "the court does not retain jurisdiction to modify."
 {¶ 11} Pursuant to R.C. 3105.18(E), a trial court does not retain jurisdiction to modify a spousal support order, unless it specifically retains jurisdiction to modify the terms.
 {¶ 12} Appellant asserts that he was not requesting the trial court to modify the support order but, rather, to terminate the support order. The Supreme Court of Ohio has recently addressed the issue of termination versus modification of a support order.[1]
 {¶ 13} In Kimble, the husband sought to terminate spousal support because his ex-wife had remarried. However, the divorce decree did not retain jurisdiction to modify the support award, but did contain language that allowed for termination upon the expiration of a six-year period.[2] The husband argued that because he filed a motion to terminate, rather than a motion to modify, the court had jurisdiction to consider the motion.[3] He was not claiming the six-year period had expired, instead, he was claiming the fact his ex-wife remarried should terminate the support order. The Supreme Court of Ohio court never suggested that the six-year provision was invalid. Rather, the court indicated that as used by the husband, the terms termination and modification were the same, in that the husband was attempting to terminate the award based on a change of circumstances.[4]
 {¶ 14} The Supreme Court of Ohio court held that a "motion to terminate spousal support falls within the definition of a `modification,' since it seeks to alter, change, or reduce the support award."[5] The court held that modification and termination are synonymous, in that both are a means for a party to ask the court to change the award. Thus, the court concluded that "[p]ursuant to R.C. 3105.18(E), a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction."[6] Accordingly, the court continued to recognize an ultimate distinction between termination and modification, but held that a reservation of jurisdiction is required for a trial court to consider either motion, pursuant to R.C. 3105.18(E).
 {¶ 15} Prior to the Kimble decision, the Fourth Appellate District anticipated what we believe to be the logical extension of that decision.[7] In Jordan, the decree specifically did not provide for jurisdiction to modify support, but did provide for termination upon remarriage. The husband argued that his ex-wife's cohabitation was equivalent to remarriage. The Fourth District held that marriage and cohabitation were not equivalent and, thus, there was no jurisdiction retained to modify the spousal award.[8] In addition, the court held:
 {¶ 16} "[A] trial court's limited retention of jurisdiction to terminate an award of spousal support, which was for a definite period and amount, on the occurrence of certain events did not confer the trial court with a general power to modify spousal support unless the power to modify was expressly reserved. Therefore, a trial court can retain jurisdiction to terminate spousal support on the occurrence of certain events without retaining power to modify spousal support for a change in circumstances. The policy behind the limited retention of jurisdiction is the desire that awards of spousal support possess a degree of finality and certainty."[9]
 {¶ 17} Simply stated, a provision for termination upon the occurrence of a condition subsequent is a limited exception to an order which specifically does not retain jurisdiction to modify support. Thus, it is compatible with such an order.
 {¶ 18} The situation in Jordan is quite similar to the situation before us. In the case at bar, the order was to last for seventy-two months, "or sooner upon Wife['s] death, remarriage or assuming a status thereto." This order contained specific language stating that the court did not retain jurisdiction to modify support. This language established that the court did retain general jurisdiction to modify based on any other change of circumstance, per Kimble. However, the order also indicated that the support order could terminate upon the occurrence of any of several conditions subsequent, indicating that the trial court did retain very limited jurisdiction to terminate the support order, only upon the occurrence of a condition subsequent. The provision for termination was a limited exception to the general order which disallowed jurisdiction. Thus, the court had jurisdiction to consider the merits of the motion, if it first determined that the motion to terminate is not a sham for a motion to modify as in Kimble.
 {¶ 19} In the case sub judice, appellant thought that a condition subsequent had been met. Thus, he filed a motion to terminate spousal support. Per Kimble, the court had jurisdiction to address this motion, as there was a limited reservation of jurisdiction to modify if a condition of termination was met.
 {¶ 20} Specifically, the support order indicated that spousal support shall terminate seventy-two months after the minor child graduated from high school or sooner upon the wife's "death, remarriage or assuming a status thereto." The occurrence of the expiration of a time period, death, and remarriage may be relatively indisputable facts. However, whether an individual is "assuming a status thereto" is a question of fact that needed to be determined in this case.
 {¶ 21} The trial court included language in the support order permitting the order to terminate upon the occurrence of a condition subsequent. Through this language, the trial court was specifically retaining jurisdiction to determine if the order should terminate, as is required by R.C. 3105.18(E). Accordingly, we hold, as a matter of law, that if an order for spousal support indicates that the court retains jurisdiction to modify by termination upon the occurrence of a condition subsequent, the trial court specifically retains jurisdiction, pursuant to R.C.3105.18(E), to resolve the issue.
 {¶ 22} Appellant's first assignment of error has merit.
 {¶ 23} Appellant's second assignment of error is:
 {¶ 24} "The trial court erred to the prejudice of the appellant by failing to terminate spousal support despite defendant's stipulation that she was cohabitating with another woman."
 {¶ 25} Both parties devote a substantial portion of their briefs to arguing whether appellee's living situation equals cohabitation. Appellant argues that appellee's stipulations clearly meet the definition of cohabitation. Appellee rebuts this argument, claiming that it was specifically asserted during the proceeding that appellee did not stipulate that she was cohabitating. For the following reasons, we need not determine whether appellee's living arrangement constitutes cohabitation.
 {¶ 26} Both parties give significant attention to the fact that appellee is involved in a same-sex relationship. However, based on the facts of the case, this is an irrelevant item. This case can be resolved without answering the underlying questions of: (1) can homosexuals cohabitate? or (2) can they marry?
 {¶ 27} A trial court has broad discretion to clarify ambiguous language in separation agreements.[10] An interpretive decision by the trial court will not be reversed without a showing of an abuse of that discretion.[11] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[12]
 {¶ 28} In its judgment entry, the trial court noted, "[h]ad the parties intended spousal support to terminate uponcohabitation rather than remarriage, they could have used that term in the Separation Agreement and the agreed Judgment Entry." (Emphasis original.) Moreover, the trial court expressly declined to rule on whether appellee's current living arrangement equals "cohabitation." The court noted that the language of the entry did not contain the word cohabitate, therefore, an analysis of the appellee's living arrangement was unnecessary. We agree.
 {¶ 29} The language of the order states that spousal support terminates upon appellee's "death, remarriage or assuming a status thereto." Appellee was not dead. Nor was she remarried. Thus, the only way for the support to terminate is if she was "assuming a status thereto." The trial court observed that it appeared there was a word missing from the phrase "assuming a status thereto." It was unsure if this word was "similar" or "identical." The court found that it did not matter because, even if the word was "similar," there was no evidence presented that appellee assumed a status similar to remarriage.
 {¶ 30} We are not sure exactly what the phrase "assuming a status [similar] thereto" means. The only evidence presented at the proceeding was the stipulations of appellee. These stipulations only set forth that appellee was living with another woman, that she was sharing a checking account and expenses with this woman, and that she had a sexual relationship with this woman. There was no evidence that she took upon herself a legal character or condition similar to remarriage. In addition, as stated by the Fourth Appellate District, "we cannot find that cohabitation equates to marriage."[13] We agree.
 {¶ 31} Again, if the parties intended spousal support to terminate upon cohabitation, they should have included that language in the agreed judgment entry and the separation agreement. However, as this language was not included in either document, the trial court did not abuse its discretion by finding that appellee had not assumed a status similar to remarriage, as there was no evidence to support this proposition.
 {¶ 32} Appellant's second assignment of error is without merit.
 {¶ 33} The ultimate judgment of the trial court is affirmed. Appellant's motion to terminate support remains denied. However, the trial court's judgment is modified to state that the motion was not denied due to a lack of jurisdiction but was only denied because there was no evidence that any of the factors triggering a termination of support had occurred.
Rice, J., concurs.
Christley, J., concurs in judgment only.
[1] Kimble v. Kimble, 97 Ohio St.3d 424, 2002-Ohio-6667, at ¶7.
[2] Id. at ¶ 1.
[3] Id. at ¶ 6.
[4] Id. at ¶ 7.
[5] Id.
[6] Id. at syllabus.
[7] Jordan v. Jordan (1996), 117 Ohio App.3d 47.
[8] Id. at 50.
[9] Jordan v. Jordan, 117 Ohio App.3d at 49, citing Resslerv. Ressler (1985), 17 Ohio St.3d 17.
[10] Svette v. Svette (Aug. 27, 1999), 11th Dist. No. 98-G-2168, 1999 WL 689938, at *5, citing In re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 156.
[11] Id.
[12] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[13] Jordan v. Jordan, 117 Ohio App.3d at 50.