OPINION
{¶ 1} Plaintiff-appellant, Stanley M. Perko ("Stanley"), appeals the judgment entry of the Geauga County Court of Common Pleas finding Stanley to be in contempt of court and judicially executing certain cognovit promissory notes, mortgage deeds, and joint and survivorships deeds in favor of defendant-appellee, Kathleen M. Perko ("Kathleen"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Stanley and Kathleen's common law marriage was terminated by the lower court's nunc pro tunc judgment entry, entered April 4, 2002.[1]
The judgment entry adopted the parties' in-court agreement, reached on November 28, 2001, for the division of the marital property. In regards to real property, the judgment entry provided in relevant part: "IT IS FURTHER ORDERED that Plaintiff Husband shall quit-claim to himself and Defendant Wife any and all commercial real estate including b[ut] not limited to that real estate located on or about Mayfield Road in Chesterland, Ohio, by way of joint and survivorship deed."
 {¶ 3} The judgment further ordered that: Stanley pay to Kathleen $150,000 on or before July 31, 2002, as "evidenced by a cognovit promissory note and mortgage on the Plaintiff Husband's commercial real estate"; and that Stanley pay to Kathleen $265,000 in installments commencing November 1, 2001, as "evidence[d] by a cognovit promissory note and mortgage upon the commercial real estate being retained by the Husband."
 {¶ 4} The decree of divorce did not provide any further description or specification as to what constitutes the "commercial real estate" referred to in the decree.
 {¶ 5} Prior to the parties' in-court agreement, the trial court had ordered the parties to prepare a written stipulation describing "each item of property sufficient to enable the Court and others to identify it" and stating "[w]hether each item of property is Marital or Separate." The parties failed to comply with this order of the court. Stanley did file with the court an unsworn document entitled "Plaintiff's Proposed Stipulations." This document identified the following real property: "33.939 acres of real estate in Chesterland, Geauga County, Ohio, now known as Permanent Parcel No. 11-260500[;] * * * 1.148 acres of real estate in Chesterland * * * known as Permanent Parcel No. 112-60600[;] * * * [and] 3.250 acres of real estate in Chesterland * * * known as Permanent Parcel No. 11-325700." According to Stanley's proposed stipulation, the first two properties, Permanent Parcel Nos. 11-260500 and 11-260600, were acquired prior to his marriage with Kathleen and constitute his separate property. Stanley acknowledged Permanent Parcel No. 11-325700 is "entirely marital property."
 {¶ 6} Permanent Parcel Nos. 11-260600 and 11-325700 are adjacent plots of land located off Mayfield Road (US Route 322). The two parcels border the south side of Mayfield Road for about 280 feet and run south from Mayfield Road for about 500 feet. Parcel No. 11-260500 is located behind Parcel Nos. 11-260600 and 11-325700; according to its legal description, it begins at a point "500.06 feet from the centerline of Mayfield Road" and extends south from between 3624 and 3648.54 feet. According to a Chester Township zoning regulation attached to Stanley's appellate brief, the commercial district bordering Mayfield Road only extends "five hundred (500) feet from the center line for lots fronting U.S. 322 (Mayfield Road)."
 {¶ 7} Stanley appealed the trial court's judgment contesting the division of property. This court affirmed the lower court's judgment inPerko v. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435 and 2002-G-2436, 2003-Ohio-1877.
 {¶ 8} On January 24, 2002, April 16, 2002, and February 13, 2003, hearings were held before the magistrate upon Kathleen's motions to show cause for Stanley's failure to comply with the terms of the decree of divorce. In a June 10, 2002 judgment entry, the trial court had found Stanley to be in contempt of court and ordered that Stanley could "purge himself of contempt by * * * immediately executing the deeds and providing mortgages and promissory notes in accordance with the provisions of the October 31, 2001 Judgment Entry of Divorce." On April 3, 2003, a hearing was held before the trial judge upon Kathleen's motion to impose sentence upon Stanley for contempt of court; to reduce to judgment all sums that Stanley owes Kathleen; and to judicially order the execution of notes, mortgages and deeds in accordance with the terms of the agreed judgment entry.
 {¶ 9} At the April 3, 2003 hearing, a copy of a joint and survivorship deed was admitted into evidence executed on August 5, 2002, for "[a]ny and all commercial real estate including but not limited to that real estate located on or about Mayfield Road in Chesterland, Ohio pursuant to the [judgment entry of divorce in the case] captioned Stanley M. Perko v. Kathleen M. Perko." Attached to the deed were legal descriptions of Permanent Parcel Nos. 11-260600 and 11-325700. Counsel for Kathleen argued that he did not receive of copy of this document until April 1, 2003 and that, without elaboration, the deed was "defective." Counsel for Stanley countered that the "deed was prepared in strict compliance with the Court's order which was to cover commercial property on Mayfield Road. The legal description was never before the Court and consequently was not attached to the Judgment Entry. We obtained through Ohio Title two legal descriptions on what was deemed commercial property fronting on Mayfield Road." At the close of the hearing, the court stated "[w]ith regard to the Joint and Survivorship Deed, I'm not sure what your concern with regard to that deed is. It strikes me that you've been provided that which you were entitled to in connection with that deed, so no judicial execution will be ordered with regard to that either."
 {¶ 10} Also admitted into evidence at the April 3, 2003 hearing, were copies of mortgages to Kathleen for $265,000 and $150,000 on Stanley's "commercial real estate." These mortgages were executed on April 1, 2003, and provided attached legal descriptions of Permanent Parcel Nos. 11-260600 and 11-325700. At the close of the hearing, the court found that the mortgage deeds "have not been executed, filed and delivered as required." The court sentenced Stanley to ten days in the Geauga County Jail for contempt and ordered Kathleen's attorney to "prepare a Judgment Entry embodying the Court's findings with respect to this matter, including judicial execution of the Mortgage Deeds, and reduction to judgment of the $265,000 mortgage at the rate of $3,500 a month, plus interest."
 {¶ 11} Finally, at the close of the April 3, 2003 hearing, the court stated: "With regard to attorney fees, the Court finds that the fees testified to by both Mrs. Perko and [her attorney] were reasonable and necessary for the services in connection to the Motion to Impose and accompanying requests, and accordingly Mr. Perko is ordered to pay those fees. A judgment will be rendered for that amount as well. That is also to be included in the Judgment Entry [Kathleen's attorney will] prepare. The figure I have is $4,427.50."
 {¶ 12} The trial court issued its judgment entry on February 4, 2004.[2] In its entry, the court judicially executed two mortgages to Kathleen for $265,000 and $150,000 on the "real property * * * known as Permanent Parcel Nos. 11-260500, 11-325700 and 112-60600." The February 4, 2004 judgment entry contains no order regarding attorney fees. On June 28, 2005, the trial court entered a nunc pro tunc judgment entry modifying its prior judgment by awarding Kathleen attorney fees in the amount of $4,427.50. This appeal timely follows.[3]
 {¶ 13} Stanley raises the following assignments of error:
 {¶ 14} "[1.] The trial court abused its discretion by judicial execution of a mortgage deed on Permanent Parcel No. 11-260500 without any competent, credible evidence or any reasonable basis for doing so.
 {¶ 15} "[2.] The trial court erred in awarding defendant-appellee attorney fees by failing to consider plaintiff-appellant's ability to pay.
 {¶ 16} "[3.] The trial court abused its discretion by awarding defendant-appellee attorney fees that are unreasonable in light of the evidence presented."
 {¶ 17} In his first assignment of error, Stanley challenges the court's inclusion of Permanent Parcel No. 11-260500 among the properties mortgaged to secure Stanley's debt to Kathleen. Stanley relies on the facts that Permanent Parcel No. 11-260500 was not discussed at the April 3, 2003 contempt hearing and that Permanent Parcel No. 112-60500 purportedly does not lie within a commercial zoning district. Therefore, Stanley concludes, the court's inclusion of Permanent Parcel No. 11-260500 is not supported by competent or credible evidence.
 {¶ 18} We disagree with Stanley's proffered analysis that the trial court's judgment is not supported by competent and credible evidence. The issue before the trial court at the April 3, 2003 hearing was whether Stanley was in contempt of the court's prior orders to comply with the terms of the settlement agreement. There was no evidence before the trial court at this time regarding the properties owned by Stanley. By virtue of the court's finding that Stanley was in contempt, the trial court, construed the prior property settlement to judicially execute the provisions of that agreement.
 {¶ 19} It is well-established that a trial court has broad discretion to interpret ambiguous or vague provisions contained in a separation agreement incorporated into a divorce decree. Kistler v. Kistler, 11th Dist. No. 2003-T-0060, 2004-Ohio-2309, at ¶ 14 (citations omitted);Yeager v. Yeager, 11th Dist. 2002-G-2453, 2004-Ohio-1959, at ¶ 27 (citations omitted); Svette v. Svette (Aug. 27, 1999), 11th Dist. No. 98-G-2168, 1999 Ohio App. LEXIS 3981, at *13-*14 (citations omitted).
 {¶ 20} The parties' agreement dividing their property is ambiguous regarding what constitutes "commercial real estate." As indicated previously, the parties' agreement is silent regarding marital and separate property. Moreover, the agreement also fails to state with specificity what property belonged to the marital estate and what property was intended by reference to "commercial real estate * * * located on or about Mayfield Road." The first time that any property is referred to with specificity in connection with the "commercial real estate" is in the February 4, 2004 judgment entry. At this point, the trial court had no choice but to construe what property comprised the commercial real estate.
 {¶ 21} Stanley maintains that Permanent Parcel No. 11-260500 should not be included because this property does not lie in a zone for commercial development. However, no evidence relating to the character of Permanent Parcel No. 11-260500, of Permanent Parcel Nos. 11-260600 and 11-325700, or of the zoning for Mayfield Road has ever been put before the trial court. This court is not at liberty to consider the attachments to Stanley's appellate brief as "evidence" to overturn the trial court's construction of the agreement. Allen v. Allen (June 26, 1998), 11th Dist. No. 97-T-0114, 1998 Ohio App. LEXIS 2922, at *8 ("appellant may not supplement the record with an appendix attached to his or her [appellate] brief") (citations omitted).
 {¶ 22} This court is limited to considering whether the trial court has abused its discretion by construing the phrase "commercial real estate" to include the three properties located south of Mayfield Road and identified in the February 4, 2004 judgment entry. Given the record before us, we conclude that the trial court did not abuse its discretion. If Stanley believes that the trial court has inadvertently included Permanent Parcel No. 11-260500 among the judicially mortgaged properties, relief may be sought through a Civ.R. 60(B) motion for relief from judgment.
 {¶ 23} Stanley's first assignment of error is without merit.
 {¶ 24} In Stanley's second and third assignments of error, he challenges the trial court's award of attorney fees to Kathleen.
 {¶ 25} The decision whether to award attorney fees is within the sound discretion of the trial court. Kalia v. Kalia, 151 Ohio App.3d 145,2002-Ohio-7160, at ¶ 50 (citations omitted). Stanley argues that the trial court abused its discretion by failing to inquire into his ability to pay attorney's fees, as required by former R.C. 3105.18(H) ("[i]n divorce * * * proceedings, the court may award reasonable attorney's fees to either party * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards").[4]
 {¶ 26} It is well-established that attorney fees may be taxed as costs against the contemnor in a civil contempt proceeding independent of statutory authority to do so. State ex rel. Fraternal Order of Police,Captain John C. Post Lodge No. 44 v. Dayton (1977), 49 Ohio St.2d 219,228-229; see, also Ambrose v. Ambrose (Feb. 16, 1990), 11th Dist. No. 88-G-1479, 1990 Ohio App. LEXIS 539, at *14 (citation omitted); In reScarso (Mar. 7, 1986), 11th Dist. No. 1230, 1986 Ohio App. LEXIS 5919, at *6 (citation omitted). It was not necessary for the trial court to inquire into Stanley's ability to pay.
 {¶ 27} Stanley's second assignment of error is without merit.
 {¶ 28} In his third assignment of error, Stanley argues that the court's judgment entry is silent "as to the amount, reasonableness or factors considered in establishing reasonableness" of the fees awarded. Stanley cites to no authority, nor are we aware of any, that requires a court to set forth in its judgment entry the factors it considered in determining the amount to award for attorney fees. The reasonableness of the $4,427.50 in attorney fees that the trial court awarded is well-supported by evidence introduced at the April 3, 2003 contempt hearing. Both Kathleen and her attorney testified to the necessity and reasonableness of the work performed in connection with the motion to impose sentence, and a written, itemized invoice of services was admitted into evidence. The court's award is well within its discretion.
 {¶ 29} Stanley's third assignment of error is without merit.
 {¶ 30} Accordingly, the judgment of the Geauga County Court of Common Pleas, Domestic Relations Division, is affirmed.
Ford, P.J., Rice, J., concur.
[1] The original judgment entry of divorce was entered on October 31, 2001, as a joint decision of the magistrate and the trial court. Because this court holds that a trial court's adoption of a magistrate's order is not a final appealable order unless it adopts the magistrate's decision in a "separate and distinct" entry, the trial court was required to enter a subsequent judgment entry adopting the magistrate's decision. See Perkov. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435, and 2002-G-2436, 2003-Ohio-1877, at ¶¶ 5-9.
[2] On April 4, 2003, the day following the hearing, Stanley filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio, thereby staying these proceedings. Stanley's bankruptcy petition was dismissed on creditor's motion on January 29, 2004.
[3] Counsel for Kathleen suggests that Stanley's notice of appeal was not timely because it was filed over thirty days after the court's "Oral Order" given from the bench at the close of the April 3, 2003 hearing. It is well-established that "[a] court of record speaks only through its journal and not by oral pronouncement * * *." Schenley v. Kauth (1953),160 Ohio St. 109, paragraph one of the syllabus. The case relied upon by counsel, State ex rel. Union Central Life Ins. Co. v. Seward (April 1896), 16 Ohio C.C. 443, is not to the contrary. In that case, it was held that the probate court's oral pronouncements did not constitute a "finding, judgment, or order * * * in the legal sense." Id. at 447-448. The circuit judge, in dicta, speculated regarding a "judgment or order * * * existing in parol, if it can so exist." Id. at 447. In fact, it cannot so exist.
[4] Division (H) of R.C. 3105.18 was deleted by H.B. 36, effective April 27, 2005.