OPINION
{¶ 1} Appellant, Susanne Pilch, appeals from a judgment entry of the Trumbull County Common Pleas Court, Domestic Relations Division. The trial court's judgment entry sought to resolve all outstanding issues arising from the decree of divorce between Susanne Pilch and her ex-husband, John A. Pilch, appellee herein. On review, we affirm the judgment entry of the trial court.
 {¶ 2} The parties appeared for a final divorce hearing on October 30, 2001, at which time they entered into a stipulated agreement on the record as to the allocation of parental rights and responsibilities, child support, spousal support, and division of marital assets and marital debts. Their agreement was incorporated into a decree of divorce, which was filed in the trial court on May 23, 2002.
 {¶ 3} One of the provisions of the stipulated agreement concerned the sale of the marital residence at 1400 Howland-Wilson Road, Warren, Ohio. The parties agreed that the marital residence would be listed for sale, with an asking price of $164,000. Susanne Pilch was to reside in the property until it was sold. From the gross proceeds of sale were to be deducted the costs of sale, the first mortgage and second mortgage balances, and some outstanding credit card debts that were marital obligations. The net proceeds of sale were then to be divided equally between the parties.
 {¶ 4} The property at 1400 Howland-Wilson Road was not sold to a third party, as planned. Instead, Susanne Pilch purchased the property in her own name on December 8, 2003. In doing so, she paid off the then existing first and second mortgage balances, in the total amount of $47,618.61.
 {¶ 5} The trial court ordered that the net proceeds of sale not be distributed to John A. Pilch, but instead, they were to be held in escrow until further of court that resolved all monetary issues still outstanding.
 {¶ 6} Between May 23, 2002 and April 19, 2005, the parties appeared in court numerous times over disputed issues of child support, spousal support, and division of property. During that period, the parties filed numerous motions (for contempt, for protective orders, for support, to terminate support, for distribution of personal property and real property proceeds), which the trial court attempted to resolve by scheduling a hearing for April 19, 2005. This hearing was convened by the trial court to accomplish a global settlement with regard to all monetary issues that had arisen between the parties in the preceding three years, including the distribution of the proceeds from the sale of the marital residence at 1400 Howland-Wilson Road.
 {¶ 7} On April 19, 2005, the parties appeared in court and again entered into stipulations. The stipulations were entered on the record. One of the stipulations concerned the amount of money Susanne Pilch was to be reimbursed for mortgage payments made by her. The stipulation read as follows:
 {¶ 8} "[Attorney for Susanne Pilch:] [Susanne Pilch] is going to be given an opportunity to submit through National City Bank [and] document the amounts she paid on the mortgage, which she will be given credit for, and any funds to be reimbursed her for making those payments."
 {¶ 9} On June 16, 2005, the trial court ordered Accountant Sforza to render an accounting to the court, as follows:
 {¶ 10} "Henry Sforza to make an accounting regarding the National City mortgage and home equity loans as to which party made any such payments, including any reimbursements between the parties from 11/1/01 through 12/8/03."
 {¶ 11} On July 27, 2005, Accountant Sforza advised the trial court that Susanne Pilch had made mortgage payments for the subject period in the amount of $19,380.12. He also advised the court that she paid off the first and second mortgages in December 2003, in the total amount of $47,618.61.
 {¶ 12} On October 13, 2005, the trial court entered a judgment entry that attempted to resolve all outstanding issues between the parties respecting child support, spousal support, and division of property. The entry incorporated the stipulations entered into by the parties on April 19, 2005. Specifically, paragraph seven of the entry ordered reimbursement to Susanne Pilch for mortgage payments, as follows:
 {¶ 13} "7. [John A. Pilch] should reimburse [Susanne Pilch] the sum of $19,380.12 as determined by Henry Sforza, the same representing reimbursement of funds heretofore paid by [Susanne Pilch] or on her behalf to National City Bank and monies heretofore paid by [Susanne Pilch] to [John A. Pilch]."
 {¶ 14} The trial court's judgment entry did not order repayment to Susanne Pilch with respect to the payoff of the first and second mortgage balances made by her in December 2003. Her contention in this court is that, per the stipulation of April 19, 2005, in which she was to be reimbursed for mortgage payments made by her, the trial court should have ordered John A. Pilch to reimburse her for those mortgage payoffs.
 {¶ 15} On October 19, 2005, Susanne Pilch filed a motion for relief from judgment pursuant to Civ.R. 60(A) and (B). Her motion pursuant to Civ.R. 60(B) asserted that the trial court had miscalculated an overpayment of child support. Her motion pursuant to Civ.R. 60(B) asserted that the trial court had not included the mortgage payoffs in its order of reimbursement to her.
 {¶ 16} On November 10, 2005, Susanne Pilch timely appealed the trial court's entry of October 13, 2005 to this court.
 {¶ 17} On December 28, 2005, this court remanded the matter to the trial court for the purpose of ruling on Susanne Pilch's motion for relief from judgment.
 {¶ 18} By entry dated March 2, 2006, the trial court granted Susanne Pilch's motion pursuant to Civ.R. 60(A) in order to correct a clerical error in the computation of the child support overpayment. However, the trial court denied her motion pursuant to Civ.R. 60(B), which sought an additional order from the trial court to have Susanne Pilch reimbursed for her mortgage payoffs.
 {¶ 19} In this court, Susanne Pilch has asserted a single assignment of error:
 {¶ 20} "The court erred when it ordered that Husband/Appellee, John Pilch, should reimburse Wife/Appellant, Susanne F. Pilch, the sum of $19,380.12. This amount is contrary to the stipulations and record."
 {¶ 21} We note, first of all, that the trial court's judgment entry of October 13, 2005 incorporated the stipulated agreement of the parties entered into by and between them on April 19, 2005. This agreement was intended to resolve all outstanding issues then extant between the parties. Therefore, as in the case of a court incorporating a separation agreement into a decree of divorce, the standard rules of contract interpretation will apply, as stated by the Fourth Appellate District:
 {¶ 22} "In interpreting a divorce decree that incorporates the parties' separation agreement, the normal rules of contract interpretation generally apply to ascertain the meaning of any ambiguous language. * * * When construing contract language, the principal goal is to effectuate the parties' intent. * * * A court will presume that the parties' intent resides in the language employed in the written document. * * * Thus, a court will give common words appearing in a written instrument their ordinary meaning, unless manifest absurdity results or unless some other meaning is clearly evidenced from the instrument."[1]
 {¶ 23} In the instant case, the phrase "mortgage payments" is not defined in the stipulated provision. The parties take contrary positions with regard to the meaning of the phrase. We conclude that an ambiguity does exist, because the phrase "mortgage payments" could be interpreted to mean all payments made in respect of the mortgages, whether monthly mortgage payments or mortgage balance payoffs; or it could be interpreted to mean only monthly mortgage payments. Therefore, our standard of review will be according to an abuse of discretion. As stated by the Ninth Appellate District:
 {¶ 24} "Whenever a clause in a separation agreement is deemed to be ambiguous, it is the responsibility of the trial court to interpret it. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. An interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion."[2]
 {¶ 25} The judgment entry of the trial court does not contain a narrative on what it believed to be the intent of the parties or the equities involved, but given the lengthy record and the five-year history of this case, the trial court was no doubt familiar with the facts and the record in this case.
 {¶ 26} For example, the trial court had before it the original stipulations of the parties dated October 31, 2001. Therein, the parties provided that the first and second mortgage balances would be "deducted from the gross sales price." At that time, the parties contemplated that the property would be sold to a third party. They did not provide for the possibility that one of the parties would buy the property.
 {¶ 27} The trial court also had before it a submission to a discovery request, wherein Susanne Pilch, on April 14, 2005, submitted her summary of mortgage payments made by her during the period November 2001 through December 2003. The submission did not contain a request for reimbursement of mortgage balance payoffs.
 {¶ 28} It was not until July 2005, when Susanne Pilch submitted a proposed judgment entry to the trial court, in response to the request of the trial court, five years after the commencement of the case, and a year-and-a-half after the sale of the marital residence to her, that she proposed to be reimbursed for the mortgage balance payoffs.
 {¶ 29} To the extent the intent of the parties can be determined from the fact that, for the five years the case was pending, and for the year-and-a-half after the sale of the marital residence, Susanne Pilch did not request reimbursement for the mortgage balance payoffs, we conclude that the parties did not intend that Susanne Pilch would be reimbursed for such payoffs.
 {¶ 30} Further, the equities are such that the result should be the same whether the marital residence was sold to a third party or to Susanne Pilch. As John A. Pilch has argued in this court:
 {¶ 31} "If the real estate had been sold to a third party buyer at $164,000, the two mortgages would have first had to have been paid from the sale proceeds, and then only the remaining balance of the sale proceeds would have been divided between the parties as set forth under the parties' original stipulations entered on October 31, 2001. Why would the case be any different when the `sale' was to [Susanne Pilch]? [John A. Pilch's] share is still determined by taking the purchase price less the outstanding mortgage balances to determine the net equity in the property, which is to be divided between the parties."
 {¶ 32} We agree with John A. Pilch's argument on the equities of the situation and conclude that there was no abuse of discretion committed by the trial court in its judgment entry of October 13, 2005.
 {¶ 33} The assignment of error is without merit.
 {¶ 34} The judgment of the trial court is affirmed.
Grendell, J., O'Toole, J., concur.
[1] (Citations omitted.) Evans v. Evans, 4th Dist. No. 02CA2869, 2003-Ohio-4674, at ¶ 9-10.
[2] In re Dissolution of Marriage of Seders (1987),42 Ohio App.3d 155, 156, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.