OPINION
{¶ 1} Norbert A. Jerina appeals from the judgment of the Geauga County Court of Common Pleas, adopting the decision of the magistrate regarding the division of pension benefits in his divorce from Susan L. Jerina.
 {¶ 2} Norbert and Susan were divorced by a judgment entry filed April 28, 2003. Norbert has an MBA, and worked in the banking industry for twenty-one years. At the time of the proceedings presently under appeal, he had been teaching in the public *Page 2 
schools for some thirteen years. Susan was also a teacher, but with considerably less time in the system.
 {¶ 3} The parties' judgment entry of divorce included a separation agreement. Paragraph 8 of the agreement provides: "[t]he parties each have pensions through the State Teachers Retirement Service which will be divided by a D.O.P.O. to be prepared by Pension Evaluators Inc.[1]
(sic) and the cost thereof to be equally divided by the parties."
 {¶ 4} May 16, 2006, Norbert moved the trial court to modify the custody of the parties' minor daughter, Chelsea. May 19, 2006, Susan responded by moving the trial court for an order approving division of property orders. By this motion, Susan alleged Norbert refused to sign the division of property order ("DOPO") regarding their pension benefits provided for in Paragraph 8 of the separation agreement. June 16, 2006, Susan moved for a modification of child support. Eventually, the custody and support conflicts were resolved by agreement of the parties.
 {¶ 5} August 29, 2006, hearing was held before the magistrate on the pension issue. Norbert testified regarding his familiarity with certain issues involving DOPO's, and that he had intended the contribution amounts of the pensions be divided equally as of the time of the divorce. Susan testified both that she believed the pensions would be divided equally as of the time of the divorce, and that she would be entitled to an increase in the value. She could not specify what method might be used to determine any increase.
 {¶ 6} September 19, 2006, the magistrate filed her decision. She concluded the *Page 3 
language of Paragraph 8 of the separation agreement is ambiguous. Noting that R.C. 3105.171(C) requires the division of marital property be equal, unless equal division is inequitable, the magistrate concluded the parties' pensions should be divided according to their value at maturity, under the coverture method.
 {¶ 7} Norbert timely filed objections to the magistrate's decision. The trial court filed a judgment entry November 6, 2006, and a nunc pro tunc judgment entry November 14, 2006. The trial court adopted the magistrate's decision, overruling Norbert's objections inter alia. Norbert timely appealed, assigning one error:
 {¶ 8} "The trial court erred in modifying the parties' separation agreement to require use of a coverture fraction in dividing the parties' retirement [b]enefits[.]"
 {¶ 9} We review a trial court's decision to adopt, reject or modify a magistrate's decision for abuse of discretion. Cf. Hayes v. Hayes, 11th Dist. No. 2005-L-138, 2006-Ohio-6538, at ¶ 10; Civ.R. 53(D)(4)(b). Retirement benefits accumulated during a marriage are marital assets subject to property division in divorce. DiFrangia v. DiFrangia, 11th Dist. No. 2003-T-0004, 2003-Ohio-6090, at ¶ 8. We will not disturb the trial court's division of marital property except for abuse of discretion. Id. When construing separation agreements, the normal rules of contract interpretation apply. Pilch v. Pilch, 11th Dist. No. 2005-T-0135, 2006-Ohio-5829, at ¶ 22. If a trial court finds language in the separation agreement to be ambiguous, it must interpret it; and such interpretation may not be disturbed save for abuse of discretion. Id. at ¶ 24.
 {¶ 10} "Abuse of discretion" connotes more than mere error of law or judgment; it means the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 4 
 {¶ 11} By his assignment of error, Norbert asserts the trial court did not interpret ambiguous language in Paragraph 8 of the separation agreement. He contends the trial court modified barebones language, which language naturally means the parties' pension benefits are to be divided equally, as to the accumulated contributions at the time of their divorce. He maintains the trial court added terms to Paragraph 8, which is impermissible. See, e.g., Adkins v. Bush, 12th Dist. No. CA2002-05-131, 2003-Ohio-2781, at ¶ 27-28.
 {¶ 12} We respectfully disagree. The trial court did not abuse its discretion in finding Paragraph 8 of the separation agreement ambiguous.
 {¶ 13} The parties' pensions are through the State Teachers Retirement Service. As such, they are subject to certain mandatory terms set forth in R.C. 3105.82. See, e.g., R.C. 3105.81. R.C. 3105.82(D) provides that a DOPO subject to the section shall:
 {¶ 14} "[s]pecify the amount to be paid to the alternate payee as one of the following:
 {¶ 15} "(1) As both a monthly dollar amount should the participant elect a benefit and as a one-time payment should the participant elect a lump sum payment;
 {¶ 16} "(2) As a percentage of a fraction determined as follows of a monthly benefit or lump sum payment:
 {¶ 17} "(a) The numerator of the fraction shall be the number of years during which the participant was both a contributing member of a public retirement program and married to the alternate payee.
 {¶ 18} "(b) The denominator, which shall be determined by the public retirement program at the time the participant elects to take the benefit or payment, shall be the *Page 5 
participant's total years of service credit or, in the case of a participant in a retirement plan established under section 145.81,3307.81 or 3309.81, or Chapter 3305. of the Revised Code, years of participation in the plan."
 {¶ 19} Since the pension plan subject of this dispute is public, any DOPO dividing the parties' benefits must comply with R.C. 3105.82(D). The language of Paragraph 8 of the separation agreement does not indicate which of the two R.C. 3105.82(D) methods was to be used in determining division of the parties' benefits in this case; and the magistrate determined in her decision that the parties' intent regarding division was at variance. Courts engaged in contract construction must endeavor to effectuate the intent of the parties. Pilch at ¶ 22. As Paragraph 8 neither complies with the law, nor embodies the parties' intent, we cannot say the trial court erred in finding it ambiguous.
 {¶ 20} Having determined the language of Paragraph 8 to be ambiguous, the trial court was required to clarify it. Pilch at ¶ 24. In this case, the magistrate determined that, pursuant to R.C. 3105.171(C), the parties were entitled to equal division of the marital property which the pensions constitute; she determined that, pursuant to R.C.3105.171(C), inequity would result if Susan were denied growth on the value of pension benefits accumulated during the marriage. Consequently, she determined that a coverture fraction should be applied.[2] The trial court agreed, and adopted her decision. There being nothing unreasonable, arbitrary, or unconscionable in this decision, we cannot find an abuse of discretion. Cf. Pilch at ¶ 24.
 {¶ 21} The assignment of error being without merit, the judgment of the Geauga *Page 6 
County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] Pension Evaluators, Inc. is now QDRO Consultants.
[2] This complies with R.C. 3105.82(D)(2). *Page 1