[Cite as *Rossi v. Rossi*, 2014-Ohio-1370.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| SUSAN ELAINE ROSSI, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0058** |
| JOSEPH PETER ROSSI, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2004 DR 305.

Judgment: Affirmed.

*Deborah L. Smith*, Smith Law Firm, 109 North Diamond Street, Mercer, PA 16137 (For Plaintiff-Appellee).

*Daniel G. Keating*, Keating, Keating, & Kuzman, 170 Monroe Street, N.W., Warren, OH 44483 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant Joseph Peter Rossi sought a new trial to determine that his disability benefits were not divisible marital property by the terms of his divorce decree with appellee Susan Elaine Rossi. For the following reasons we affirm.

{¶2} On October 6, 2005, the parties obtained a divorce decree based on incompatibility. As a part of that divorce decree, the parties agreed that appellant would pay $400 dollars in spousal support that would be terminated by the death of either party, or upon appellant's retirement. However, the decree also stated that "[b]ased upon the marital aspect of [appellant's] disability retirement; and the long-term marriage of the parties; said spousal support shall not terminate upon cohabitation or remarriage of [appellee]." Paragraph six of the divorce decree determined how defendant's retirement benefits would be divided between the parties. Paragraph six states:

{¶3} "The parties acknowledge that the Defendant, Joseph P. Rossi, has disability/PERS pension through the City of Warren and further acknowledge that the same is a marital asset retirement benefit. As such, said PERS pension shall be divided as of August 1, 2005 and the Plaintiff, Susan E. Rossi, shall receive her one-half of said pension at the time that the Defendant, Joseph P. Rossi, reaches the age of retirement which the parties agree shall be the age of 62. Therefore no later than January 23, 2016 (or any earlier date upon which Defendant begins receiving a regular pension versus his disability pension) Wife shall begin receiving her one-half share of Defendant's pension, including cost of living adjustments, survivorship or other, by way of whatever retirement vehicle is appropriate at the time * * * ."

{¶4} In June of 2012, appellee filed a motion to enforce the divorce decree pursuant to paragraph six of the divorce decree. In appellee's motion she sought survivorship benefits as well as her one-half share of any proceeds stemming from appellant's age and service retirement benefits. During discovery the parties

2

uncovered that appellant would not be receiving any age and retirement benefits and would only be receiving his disability pension. Thus the central issue between the parties became whether paragraph six of the divorce decree included appellant's disability pension or whether it referred to only appellant's age and service retirement.

{¶5} The magistrate found that the divorce decree included appellant's disability benefits post-retirement and the trial court accepted the magistrate's decision. Appellant filed a motion for a new trial which was denied. This appeal followed.

{¶6} As appellant's sole assignment of error he alleges: "the trial court erred to the prejudice of defendant/appellant in ordering a division of his Ohio public employees disability benefits.

{¶7} A new trial may be granted in the sound discretion of the court for good cause shown, and the court's ruling will not be reversed absent an abuse of that discretion. *Heidnik v. Heidnik*, 11th Dist. Lake Nos. 2012-L-031 and 2012-L-049, 2013-Ohio-1289, ¶18. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004). Appellant has stated two grounds for his motion: (1) that the decision adopting the magistrate's decision was against the manifest weight of the evidence and (2) that the magistrate's decision was contrary to law.

{¶8} Given the arguments in the case, the first ground is inapplicable. It is well-established that "a trial court has broad discretion to interpret ambiguous or vague provisions" contained in the agreement. *Perko v. Perko*, 11th Dist. Geauga No. 2004-G-2561, 2005-Ohio-3777, ¶19 (citations omitted); *Yaeger v. Yaeger*, 11th Dist. Geauga

No. 2002-G-2453, 2004-Ohio-1959, ¶27 (citations omitted). "An interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." *Pilch v. Pilch*, 11th Dist. Trumbull No. 2005-T-0135, 2006-Ohio-5829, at ¶24 (citation omitted).

{¶9} "[A]n agreed judgment entry is subject to the same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is clearly suggested from the face or overall contents of the agreement." *Dvorak v. Petronzio*, 11th Dist. Geauga No. 2007-G-2752, 2007-Ohio-4957, ¶18, quoting *Phillips v. Phillips*, 11th Dist. Ashtabula No. 2006-A-0037, 2007-Ohio-3368, ¶34. Because the focus of the appeal is whether the divorce decree requires dividing appellant's disability benefit once he retires, this is a question of law rather than an issue of fact.

{¶10} Appellant maintains that the disability benefits he receives after retirement were not included in paragraph six of the divorce decree because part of paragraph six refers to appellant receiving a regular pension versus his disability pension. Nevertheless, our view of the judgment entry is that the disability retirement benefits were considered marital property subject to the terms of paragraph six of the divorce decree. Paragraph five of the divorce decree specifically references a "disability retirement benefit" and paragraph six's reference to "disability/OPERS pension" suggest that even though the form of appellant's retirement may not have been entirely known or settled at the time of the entry, appellee would receive whatever retirement benefits existed when appellant turned 62 or at an earlier date when appellant retired.

{¶11} The sole assignment of error is without merit.

4

{¶12} Accordingly, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.