OPINION
{¶ 1} Defendant-appellant, Robert Walter Booth ("Robert"), appeals the August 13, 2002 judgment entry of the Domestic Relations Division of the Portage County Court of Common Pleas granting a Final Decree of Divorce to plaintiff-appellee, Julianne Booth ("Julianne"), on the grounds of incompatibility. Robert challenges the award of certain assets to Julianne as separate property. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Robert and Julianne married on September 20, 1952. On October 11, 2001, Julianne filed a complaint for divorce. On December 21, 2001, the matter came on for hearing before a magistrate of the court. At this hearing, the parties stipulated to the terms of an agreement dividing the majority of their assets. Testimony was heard regarding certain disputed assets: a coin collection, the equitable division of a personal checking account, the payments of salt blocks and chlorine for a water softener, and the equitable value of the parties' automobiles. Thereupon, the magistrate rendered his decision. As part of his decision, the magistrate found that Julianne was entitled to $59,804.00 of separate assets that Julianne had inherited from her family in 1999, according to the parties' stipulations. Robert's attorney agreed to draft and submit an appropriate entry. Robert did not file any objections to the magistrate's findings, neither at the time of the hearing nor thereafter.
 {¶ 3} After the December 21, 2001 hearing, Robert changed attorneys and his new attorney failed to draft and submit the judgment entry as agreed to by his prior attorney.[1]
 {¶ 4} On August 13, 2002, the trial court entered a Judgment Entry/Final Decree of Divorce, signed by both the magistrate and the judge. Robert timely appealed this decision. However, because a combined magistrate's decision and trial court judgment entry does not constitute a final appealable order, In re Estate ofCastrovince (Aug. 16, 1996), 11th Dist. No. 96-P-0175, 1996 Ohio App. LEXIS 6226, at *4, we remanded the appeal. On November 18, 2002, in separate judgment entries, the Magistrate's Decision and an Agreed Judgment Entry adopting the Magistrate's Decision were filed in the trial court. Thereafter, Robert's appeal was allowed to proceed.
 {¶ 5} Robert raises a single assignment of error: "The trial court erred and abused its discretion when it determined that certain property was separate property of appellee when it should have been ruled as marital property." Under this assigned error, Robert argues that the trial court erred in awarding Julianne $59,804.00 in assets as separate property because there was no evidence in the record to support this finding. Additionally, Robert notes that his failure to sign the August 13, 2002 and November 18, 2002 judgment entries is evidence that he never agreed that these assets were Julianne's separate property.
 {¶ 6} It is a common practice in Ohio for parties in a contested divorce to reach an "in-court" agreement, i.e., during the course of a hearing, regarding the terms of their separation. Baldwin's Ohio Domestic Relations Law (2002), Section 9:39. Where the parties reach such an agreement in the presence of the court, the agreement constitutes a binding contract and the trial court may properly sign a judgment entry reflecting the settlement agreement. Spercel v. Sterling Industries, Inc. (1972),31 Ohio St.2d 36, paragraph two of the syllabus; LeBlanc v. LeBlanc
(May 31, 1996), 2nd Dist. No. 95-CA-43, 1996 Ohio App. LEXIS 2235, at *9 ("[w]hen an oral agreement is presented in court, it may be adopted by the court and incorporated into a judgment entry") (citations omitted). "In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court may adopt the settlement as its judgment." Walther v. Walther (1995),102 Ohio App.3d 378, 383 (citations omitted). Where the terms of the settlement agreement have been entered on the record, the court may adopt the agreement even if one of the parties later refuses to sign the agreement. Camsky v. Camsky (Aug. 11, 2000), 7th Dist. No. 99 BA 31, 2000 Ohio App. LEXIS 3685, at *7-*8; Kelleyv. Kelley (1991), 76 Ohio App.3d 505, 509; Gulling v. Gulling
(1990), 70 Ohio App.3d 410, 412.
 {¶ 7} In this case, the trial court adopted the agreement as contained in the magistrate's decision. Since no written objections were filed, the trial court was able to adopt the magistrate's decision unless it found that there was an error of law or other defect on the face of the decision. Perko v.Perko, 11th Dist. Nos. 2001-G-2403, 2435, and 2436, 2003-Ohio-1877, at ¶ 21; Civ.R. 53(E)(4). Absent such a defect on the face of the decision, Robert is barred from raising, as an error on appeal, the trial court's adoption of the magistrate's findings of fact or conclusions of law. Id. at ¶ 22, citingRavenna Police Dept. v. Sicuro, 11th Dist. No. 2001-P-0037, 2002-Ohio-2119, at ¶ 11. Accordingly, our review is limited to determining whether, under the abuse of discretion standard, there was an error of law or other defect on the fact of the magistrate's decision. Id., citing Caskey v. Lordstown Dev.Corp. (July 14, 2000), 11th Dist. No. 99-T-0034, 2000 Ohio App. LEXIS 3203, at *2. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} The record before this court reveals that Robert stipulated to the fact that the assets in question constituted Julianne's separate property. At the December 21, 2001 hearing, Robert's attorney read into the record the terms of the settlement agreement to which the parties were stipulating. Robert's attorney stated that a list of Julianne's separate property was contained in the court's file. Julianne's attorney acknowledged that she "has the money that she received from her mother's estate and all that is separate property." Robert's attorney submitted as evidence to the magistrate a Pretrial Information and Financial Disclosure Affidavit sworn to by Robert. This document identified various accounts totaling $59,804 in value as Julianne's assets. Reviewing this document, the magistrate asked if these assets came from Julianne's mother's estate. Robert's attorney replied that it was his understanding that they did come from Julianne's mother's estate. Robert himself testified that he understood the terms of the agreement as presented to the court and that he found the proposed division of property to be fair, equitable, and acceptable. Thereupon, the magistrate found these assets to be Julianne's separate property.
 {¶ 9} In this situation, the law is clear that Robert is bound by the agreement he entered into before the magistrate. "When the parties have agreed, without objection and with the judge's approval, to enter into stipulations for the record, the court will not consider objections to such stipulations on appeal." DiGuilio v. DiGuilio, 8th Dist. No. 81860, 2003-Ohio-2197, at ¶ 32, quoting In re Annexation of Territoryof Riveredge Twp. to City of Fairview Park (1988),46 Ohio App.3d 29. "Further, it is well established in Ohio that a party may not appeal a judgment to which he has agreed." Id; accordBd. of Commrs of Montgomery Cty. v. Saunders, 2nd Dist. No. 18592, 2001-Ohio-1710, 2001 Ohio App. LEXIS 4887, at *5; Feketev. Fekete (Feb. 24, 2000), 8th Dist. No. 74340, 2000 Ohio App. LEXIS 652, at *16; also Grubic v. Grubic (Sept. 9, 1999), 8th Dist. No. 73793, 1999 Ohio App. LEXIS 4200, at *9, quotingThomas v. Thomas (1982), 5 Ohio App.3d 94, 98 ("where `a party has initiated negotiations leading to an "in-court" settlement stipulation incorporating essentially all of his demands, he should not be permitted to contend that the court in approving and adopting the bargain he struck has acted so unfairly as to constitute an abuse of discretion as a matter of law'").
 {¶ 10} Robert does not argue that the agreement reached at the December 21, 2001 hearing was the result of fraud, duress, overreaching or undue influence. Rather, Robert maintains that there is no evidence in the record to substantiate the finding that the assets in question are separate property. In a contested divorce proceeding, the trial court shall determine "what constitutes marital property and what constitutes separate property." R.C. 3105.171(B). The trial court must also indicate the basis for its division or disbursement of property "in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus; R.C. 3105.171(G).
 {¶ 11} In the present case, we find the stipulation agreed to by Robert that the $59,804.00 in assets constitute Julianne's separate property is sufficient evidence to support the trial court's award of those assets to Julianne. Moreover, by agreeing to the complete distribution of marital assets as read into the record at the December 21, 2001 hearing, Robert has impliedly waived the requirements of R.C. 3105.171(G). Perko, 2003-Ohio-1877, at ¶ 28 ("[t]he requirements of R.C. 3105.171 may be impliedly waived when the parties clearly intend their agreement to be a complete settlement of all issues to be addressed"); Davis v. Davis (Sept. 5, 2000), 4th Dist. No. 99CA630, 2000 Ohio App. LEXIS 4101, at * 21-*22; Pawlowski v.Pawlowski (1992), 83 Ohio App.3d 794, 799.
 {¶ 12} Since Robert agreed on the record before the magistrate that the $59,804.00 in assets at issue is the separate property of Julianne, we hold that the trial court did not abuse its discretion by awarding those assets to Julianne as her separate property. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
Ford, P.J., and Christley, J., concur.
[1] Robert's prior attorney did present a judgment entry to Julianne's attorney on February 21, 2002. This entry was never filed with the court.