OPINION
{¶ 1} Plaintiff-appellant, Beth Dvorak, appeals two judgment entries of the Geauga County Court of Common Pleas, one journalizing an Agreed Judgment Entry prepared by counsel for defendant-appellee, Michael Petronzio, and the other overruling her objections thereto. For the following reasons, we reverse and remand the decision of the court below. *Page 2 
 {¶ 2} Dvorak and Petronzio were married on October 20, 2001, and one child, Michael Christopher, was born to them on June 18, 2002.
 {¶ 3} On September 5, 2003, Dvorak filed a Complaint for Divorce against Petronzio and various business entities alleged to be holding assets on behalf of Petronzio.
 {¶ 4} On September 13, 2004, the parties stipulated that Dvorak would be "designated residential parent and legal custodian" of Michael Christopher. Petronzio was granted parenting time according to the Geauga County Standard Visitation Schedule, with the modification that Petronzio would have Christopher Michael on Christmas Eve until midnight and Dvorak would have him Christmas Day.
 {¶ 5} On February 15, 2005, the magistrate conducting the hearing on the parties' contested divorce issued his decision. The magistrate confirmed the parties' decision that Dvorak should be Christopher Michael's residential parent and legal custodian and that parenting time/visitation would continue pursuant to the September 13, 2004 stipulations. The trial court adopted the magistrate's decision on April 1, 2005.
 {¶ 6} Both parties have filed numerous motions subsequent to the divorce decree, including a Motion to Modify Parental Rights and Responsibilities and a Motion to Modify Visitation filed by Petronzio.
 {¶ 7} On February 7, 2006, an Agreed Judgment Entry was entered providing, in relevant part, that "Mr. Petronzio will have parenting time with the child from Friday, December 23, 2005, at 10:00 a.m. until Saturday, December 24, 2005 at 12:00 a.m. Ms. Dvorak will have parenting time with the child from Sunday, December 25, 2005 at 12:00 a.m. until Monday, December 26, 2005 at 9:00 a.m. Mr. Petronzio will have *Page 3 
parenting time with the child from December 26, 2005 at 9:00 a.m. until December 26, 2005 at 6:00 p.m."
 {¶ 8} On September 6, 2006, the trial court entered a Judgment Entry providing, in relevant part, that "within two (2) weeks of the date of this Order, the parties shall have contacted Catholic services and be enrolled in parenting classes."
 {¶ 9} On November 8, 2006, a hearing on the pending motions was held before the trial court. Prior to the hearing, the parties had resolved the issues between themselves. Counsel for Petronzio related the substance of their agreement to the court. The following is taken from the transcript of that hearing: "Your Honor, * * * there are two interim agreements that will be merged into a final entry. The first interim agreement which will remain in full force and effect * * * is the February 7, 2006 agreed judgment entry that was the work product, the very fine work product, of the guardian ad litem for the possession schedule. * * * And then, your Honor, in reference to the next order that's going to remain in full force and effect is the September 6, 2006 order that provides that * * * the parents shall enroll in parenting courses through Catholic Services. * * * Both parties shall continue in individual counseling. We also have * * * the parenting classes, your Honor, as previously mentioned."
 {¶ 10} On November 21, 2006, a copy of an Agreed Judgment Entry, prepared by counsel for Petronzio and memorializing the November 8, 2006 agreement, was sent by regular mail and facsimile to counsel for Dvorak. Regarding visitation, the Agreed Judgment Entry provided, in relevant part: "Mr. Petronzio will have parenting time with the child every year from December 23 at 10:00 a.m. until December 24 at 12:00 a.m. Ms. Dvorak will have parenting time with the child each year from December 25 at 12:00 *Page 4 
a.m. until December 26 at 6:00 p.m. Mr. Petronzio will have parenting time with the child every December 26 at 9:00 a.m. until December 26 at 6:00 p.m." The agreed judgment entry is silent about the parties enrolling in parenting classes through Catholic Services.
 {¶ 11} On December 12, 2006, Dvorak filed a Plaintiff's Disapproval of Defendant's Judgment Entry pursuant to Local Rule 8. Dvorak asserted the provisions in the Agreed Judgment Entry regarding visitation between December 23 and 26 "were neither discussed, agreed upon, nor part of the previous Judgment Entry regarding parenting time." Dvorak also asserted that the Entry prepared by Petronzio's counsel omitted the requirement to enroll in parenting classes.
 {¶ 12} On December 18, 2006, the trial court entered judgment rejecting Dvorak's disapproval of the Agreed Judgment Entry. The court held the provisions in the proposed Agreed Judgment Entry regarding visitation between December 23 and 26 are consistent with the provisions contained in the February 7, 2006 Judgment Entry. The court also stated that the transcript of the November 8, 2006 hearing did not state that Petronzio would attend parenting classes. In a separate judgment entry, the trial court adopted the Agreed Judgment Entry prepared by Petronzio's counsel.
 {¶ 13} Dvorak timely appeals and raises the following assignments of error:
 {¶ 14} "[1.] The trial court erred to the prejudice of Appellant when it overruled Appellant's objections to Defendant's proposed Agreed Judgment Entry within its December 18, 2006 Judgment Entry. *Page 5 
 {¶ 15} "[2.] The trial court erred to the prejudice of Appellant when it issued the December 18, 2006 Entry entitled `Agreed Judgment Entry' wherein said Entry is contrary to the parties' preserved oral agreement."
 {¶ 16} Both of Dvorak's assignments of error challenge the court's entry of the Agreed Judgment Entry prepared by Petronzio's counsel on the grounds that its terms differ from the agreement reached by the parties and will be considered together.
 {¶ 17} It is a common and favored practice in Ohio for parties in domestic relations actions to resolve the issues between them through negotiated settlement. Sundstrom v. Sundstrom, 11th Dist. No. 2005-A-0013, 2006-Ohio-486, at ¶ 22; Booth v. Booth, 11th Dist. No. 2002-P-0099, 2004-Ohio-524, at ¶ 6. "Where the parties reach such an agreement in the presence of the court, the agreement constitutes a binding contract and the trial court may properly sign a judgment entry reflecting the settlement agreement." Booth, 2004-Ohio-524, at ¶ 6, citing Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph two of the syllabus. Although binding on the parties, a settlement agreement is not binding on the court, which has the discretion to adopt the agreement, reject the agreement, or adopt portions of the agreement while ruling separately on other issues.Eyre v. Eyre, 11th Dist. No. 2003-P-0133, 2004-Ohio-6685, at ¶ 15 (citation omitted).
 {¶ 18} "[A]n agreed judgment entry is subject to the same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is clearly suggested from the face or overall contents of the agreement."Phillips v. Phillips, 11th Dist. No. 2006-A-0037, 2007-Ohio-3368, at ¶ 34. *Page 6 
 {¶ 19} "[W]hen one party assumes responsibility for reducing the agreement as read into the record to writing, any discrepancy between the agreement as read into the record and the judgment entry purportedly reducing the agreement to writing is arguably a misrepresentation to the court." Gursky v. Gursky, 11th Dist. No. 2003-P-0010, 2003-Ohio-5697, at ¶ 25.
 {¶ 20} The first alleged discrepancy in the present case concerns the Christmas holiday visitation schedule. Dvorak maintains the holiday visitation schedule contained in the February 7, 2006 Agreed Judgment Entry, by its terms, only applies to the 2005 Christmas holidays. In other words, Dvorak's position is not that the parties agreed Petronzio would have parenting time from every December 23 at 10:00 am to December 24 at 12:00 am and from December 26 at 9:00 am to 6:00 pm, but only at these times for the year 2005. Dvorak maintains these modifications to the visitation schedule were not meant to apply in any subsequent years.
 {¶ 21} Although the February 7, 2006 Agreed Judgment Entry sets forth the holiday visitation schedule for the year 2005, the schedule is contained in an Agreed Judgment Entry for the year 2006. There would be no reason to include the 2005 schedule in the 2006 Agreed Judgment Entry, unless it were intended to be carried forward in subsequent years. Moreover, it was affirmed at the November 8, 2006 hearing that the terms of the February 7, 2006 Agreed Judgment Entry would "remain in full force and effect." This also demonstrates the intent to have the 2005 holiday visitation schedule apply in subsequent years. *Page 7 
 {¶ 22} Dvorak responds that the terms of the Agreed Judgment Entry were determined prior to the 2005 Christmas holiday, but that, due to delays in the proceedings, the agreement was not filed until February 2006.
 {¶ 23} At the least, there is some ambiguity regarding whether the parties intended the 2005 holiday visitation schedule to be the model for subsequent years. In this situation, it is well-established that "a trial has broad discretion to interpret ambiguous or vague provisions" contained in a settlement agreement. Perko v. Perko, 11th Dist. No. 2004-G-2561, 2005-Ohio-3777, at ¶ 19 (citations omitted); Kistler v.Kistler, 11th Dist. No. 2003-T-0060, 2004-Ohio-2309, at ¶ 14 (citations omitted); Yaeger v. Yaeger, 11th Dist. No. 2002-G-2453, 2004-Ohio-1959, at ¶ 27 (citations omitted). "An interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." Pilch v. Pilch, 11th Dist. No. 2005-T-0135, 2006-Ohio-5829, at ¶ 24 (citation omitted).
 {¶ 24} As demonstrated above, the trial court's conclusion that the visitation schedule for Christmas set forth in the February 7, 2006 Agreed Judgment Entry applied in subsequent years, although "the day upon which Christmas occurs changes each year," is neither unreasonable nor arbitrary. Accordingly, that conclusion does not constitute an abuse of discretion.
 {¶ 25} Dvorak also maintains the December 18, 2006 Agreed Judgment Entry fails to reflect the parties' agreement to attend parenting classes. The requirement for the parties to attend parenting classes through "Catholic services" is expressly stated in the September 6, 2006 Judgment Entry and in the transcript of the November 8, 2006 hearing. *Page 8 
 {¶ 26} The trial court concluded that "the transcript of the November 8, 2006, proceedings does not state that [Petronzio] would attend parenting classes." The court's failure to acknowledge an expressly stated condition of the parties' agreement constitutes an abuse of discretion. Although the court was not bound to accept the parties' agreement, the court must provide some legitimate reason for not doing so. The failure to comprehend the parties' agreement does not constitute such a reason. Zamos v. Zamos, 11th Dist. No. 2002-P-0085,2004-Ohio-2310, at ¶ 16 (the trial court's decision constituted an abuse of discretion where the reasons therefore did not comport with the facts or circumstances of the case).
 {¶ 27} Petronzio argues Dvorak is not entitled to challenge the failure to include parenting classes in the Agreed Judgment Entry because she failed to comply with Local Rule 8 of the Geauga County Court of Common Pleas.
 {¶ 28} Local Rule 8 provides, in relevant part, as follows: "[A]fter the agreement of the parties making a judgment or order which requires settlement and approval as to form, the Court may order or direct either party or counsel to prepare and present for journalization the judgment entry embodying * * * the agreement of the parties. When so ordered or directed by the Court, such party or his counsel shall within ten (10) days thereafter, unless the time be extended by the Court, prepare a proper judgment entry and submit the same to counsel for any party who has appeared in the action * * *. * * * All parties or counsel so served shall have eight (8) days from the date of mailing in which to approve or reject the judgment entry. In the event of rejection, the objecting party or counsel shall file with the Court, at the time of said rejection, a written statement of the objections to the judgment entry. Failure of the parties or counsel so served, to *Page 9 
approve or reject any submitted judgment entry as provided above will constitute a waiver of all objections."
 {¶ 29} Petronzio maintains Dvorak waived her objections to the Agreed Judgment Entry by failing to file notice of her objections within eight days of the mailing of the Agreed Judgment Entry by Petronzio's counsel. The hearing at which the parties reached their agreement occurred on November 8, 2006. Petronzio's counsel mailed and faxed a copy of the Judgment Entry to Dvorak's counsel on November 21, 2006. Dvorak filed her objections on December 12, 2006.
 {¶ 30} Although Dvorak's objections were filed over eight days after the mailing of the Agreed Judgment Entry, the failure to comply with Local Rule 8 does not prohibit her from appealing the Judgment Entry. It is well-settled that the enforcement of Local Rules is a matter within the discretion of the court promulgating the rules. In re D.H., 8th Dist. No. 89219, 2007-Ohio-4069, at ¶ 25 ("[c]ourts are given latitude in following their own local rules; the enforcement of court rules is within the discretion of the court"); Babel v. Babel, 12th Dist. Nos. CA2005-05-104 and CA2005-06-141, 2006-Ohio-4323, at ¶ 20 ("the enforcement of a local procedural rule is a matter within the discretion of the trial court"); Huntington Natl. Bank of Northeast Ohio v.Ashshaheed, 11th Dist. No. 88-A-1405, 1989 Ohio App. LEXIS 4567, at *6-*7 ("as courts are to be given latitude in following their own local rules the enforcement of rules of court is held to be within the sound discretion of the court").
 {¶ 31} In the present case, the trial court considered Dvorak's objections to the Agreed Judgment Entry despite the failure to comply with Local Rule 8. Accordingly, we have considered her arguments on appeal. *Page 10 
 {¶ 32} In conclusion, Dvorak's two assignments of error are with merit as to the argument that the December 18, 2006 Agreed Judgment Entry failed to reflect the parties' agreement that they attend parenting classes. Dvorak's assignments of error are without merit as to the argument that the December 18, 2006 Agreed Judgment Entry failed to reflect the parties' agreement regarding visitation during the Christmas holidays. The judgment of the Geauga County Court of Common Pleas is reversed and this cause is remanded with instructions for the court to issue a new judgment entry incorporating the parties' agreement regarding parenting classes through Catholic Services.
 CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1