OPINION
{¶ 1} Defendant-appellant Roger A. Asbury ("Roger") brings this appeal from the judgment of the Court of Common Pleas of Paulding County granting the divorce and allocating parental rights and responsibilities. For the reasons discussed below, the judgment is reversed.
 {¶ 2} On May 5, 2001, Roger and Rene S. Asbury ("Rene") were married. Two children were born during the marriage: Emilee (born July 5, 2002) and Jacob (born November 11, 2004). On June 19, 2007, Rene filed a complaint for divorce claiming that Roger was guilty of gross neglect of duty and extreme cruelty and that the parties are incompatible. Roger filed his answer on June 20, 2007. The final hearing was held on November 2, 2007. At the final hearing, the agreement of the parties was read into the record. No other evidence was presented. On December 21, 2007, the trial court granted the divorce and ordered divisions of property and allocation of parental rights and responsibilities as the trial court interpreted them pursuant to the parties' agreement. Roger appeals from this judgment and raises the following assignments of error. First Assignment of Error The trial court erred and abused its discretion when it signed a judgment entry not approved by the parties and which did not conform to the settlement agreement read into the record in open court. *Page 3 
 Second Assignment of Error The court erred and abused its discretion when it * * * ordered [Roger] to dismiss [Roger's] civil protection order in the State of Indiana against a nonparty to the litigation before the court and ordered [Roger] to file bankruptcy.
 {¶ 3} In the first assignment of error, Roger claims that the trial court erred when it signed a judgment entry which did not conform to the settlement agreement read into the record at the hearing. "Where the parties reach [a negotiated settlement] in the presence of the court, the agreement constitutes a binding contract and the trial court may properly sign a judgment entry reflecting the settlement agreement."Dvorak v. Petronzio, 11th Dist. No. 2007-G-2752,2007-Ohio-4957, ¶ 17 (quoting Booth v. Booth, 11th Dist. No. 2002-P-0099, 2004-Ohio-524). "Although binding on the parties, a settlement agreement is not binding on the court, which has the discretion to adopt the agreement, reject the agreement, or adopt portions of the agreement while ruling separately on other issues." Id. However, a failure to comport with the agreement without providing some legitimate reason for doing so is an abuse of discretion. Id. at ¶ 26. See also Zamos v. Zamos, 11th Dist. No. 2002-P-0085,2004-Ohio-2310.
 {¶ 4} A review of the record in this case indicates that the sole evidence presented at the final hearing was a reading of the agreement into the record. The record contains no additional evidence from which the trial court could reach *Page 4 
conclusions. After the agreement was entered on the record, the trial court asked both parties if this was the agreement and they both consented. The trial court then granted the divorce and ordered Rene's counsel to draft the final orders. The agreement included reference to the following issues: 1) Roger agreed to pay Rene spousal support in the amount of $20 per month for 18 months with the trial court retaining jurisdiction to modify since both parties were unemployed at the time; 2) a QDRO would be used to divide retirement accounts in half for the duration of the marriage; 3) Roger and Rene agreed to shared parenting with Rene deemed residential parent for school registration purposes; 4) Roger was to have the children for the specified time and the "standard rules" were to apply for the holiday visitation schedule; 5) unpaid medical expenses were to be split with Roger paying 56% and Rene paying 44%; and 6) Roger was to claim Jacob and Rene was to claim Emilee for income tax deduction purposes.
 {¶ 5} The final order addressed these issues as follows. First, Roger shall pay Rene $20 per month in spousal support. Second, the QDRO ordered the plan to pay Rene 50% of the difference between the balance on the date of marriage and the balance on the date of the final hearing. Additionally, the order provided that if Roger were to die before the separation of the account, then the full value of the account would pass to Rene. The third and fourth issues dealt with the shared parenting arrangement. The order stated that the parties would have *Page 5 
shared parenting with Rene being designated the residential parent for school registration and holiday visitation schedules. The order then gave Roger the additional time upon which they agreed and stated that the Paulding County Rules for Nonresidential Parent Visitation apply for the purpose of interpreting holiday parenting time. The fifth issue was addressed by the order requiring Roger to pay 56% of any unpaid medical expenses and Rene paying 44% of those expenses. In the sixth issue, the order stated that Rene would claim Emilee on her income taxes. However, it stated that Roger could only claim Jacob as an income tax dependent if his support obligations were current as of January 15 of each year. Additionally, the final order required Roger to pay child support in the amount of $480.00 per month, although the agreement was silent as to child support. Rene's counsel submitted the order for approval of Roger's counsel, who refused to sign it due to inconsistencies with the agreement. The trial court noted the refusal and signed the entry as an order on December 21, 2007.
 {¶ 6} When the agreement was read into the record, it was claimed to be a complete and full agreement. The trial court specifically asked both Roger and Rene if the agreement recited was an accurate recital of their understanding of the terms, to which both responded in the affirmative. Tr. 5. The trial court approved the agreement recited into the record. Tr. 6. The trial court then ordered that the agreement recited into the record would be incorporated into the decree of *Page 6 
divorce. Tr. 9. However, a comparison of the agreement placed upon the record is not equivalent to the terms entered into the order. Specifically, the order alters the amounts to be divided by the QDRO, grants child support without any evidence to support the calculations and contrary to the silence of the agreement, and added conditions onto the ability of Roger to claim Jacob as a deduction on his income taxes.
 {¶ 7} As to the division of the retirement accounts, the order just takes the amount at the final hearing less the amount in the account at the beginning of the marriage and divides it equally. This calculation does not allow for any passive gain on the non-marital portion, if any.[1] The trial court erred by considering the portion of gain resulting from non-marital property. A better method of division would account for this gain. For example, R.C. 2105.82(D)(2) sets forth a percentage calculation that allows for appropriate distribution of gain on the investment. Although this court is aware that the retirement account in this case is not a public program, the statute still provides guidance and an equitable method of division. Since the trial court did not take any passive gain or loss into consideration, the order does not comply with the agreement which stated Rene was entitled to one half of the marital portion of the retirement account. *Page 7 
 {¶ 8} The addition of the child support calculation occurs after the agreement is silent. When an agreement is silent, there can be no presumption that the parties agreed to a term. This issue should have been resolved at the hearing in the same manner in which the trial court resolved the parenting class issue. Although Rene claims that the silence does not imply there was an agreement for no support, the record is devoid of any evidence to support this claim just as it is devoid of any evidence to support Roger's claim that no child support was due. Thus, neither claim is supported by the record and the matter needs to be resolved by a hearing.
 {¶ 9} In addition to the issue of imposing child support, this court lacks evidence to support the calculation. We presume that the trial court used the numbers from the original ex parte request for temporary support. However, the calculations do not match the original amounts and do not equal the percentages set forth for division of medical expenses. Rene argues that the downward deviation from the previous order is due to the shared parenting. However, the record is again silent as to this matter. The only evidence of income provided to the trial court was the statement in the agreement that both parties were unemployed. The trial court had evidence before it that the incomes of the *Page 8 
parties were substantially changed[2] and needed to review the matter due to the new evidence. Thus, the trial court erred in ordering child support without a hearing for the parties to present evidence as to their current income and liabilities from which a proper child support calculation could be done.
 {¶ 10} Finally, the order signed by the trial court grants Roger the right to claim Jacob on his income taxes only if he is current in all child support obligations. Rene claims that this is a requirement pursuant to R.C. 3119.82. However, the statute does not mandate the trial court order this condition. Instead the statute states as follows.
 If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents.
R.C. 3119.82. Here, the parties agreed that Rene would claim Emilee and Roger would claim Jacob. No condition was placed upon that right. Thus, the trial court did not need to make a decision. Additionally, the trial court was not modifying, *Page 9 
reviewing or reconsidering child support, so no determination under the second sentence of R.C. 3119.82 needed to occur. The provision of the statute upon which Rene relies for adding the condition does not apply when there is a negotiated agreement between the parties as there is in this case. Therefore, the trial court erred in adding a provision contrary to the negotiated agreement adopted by the trial court.
 {¶ 11} In an effort to persuade this court to disregard Roger's arguments, Rene claims that they cannot be raised because Roger did not comply with the Paulding County Local Rule 16. This court notes that this rule only applies to matters in which the trial court has held a hearing and found in favor of one party concerning a contested matter. A review of the record in this case clearly indicates that nothing was contested at the final hearing. The parties entered into a negotiated agreement and even agreed to the divorce based upon incompatibility. Thus, the trial court did not find in favor of either party. The entry was to be an agreed entry reflecting the agreement of the parties. However, the entry clearly was not approved by Roger and his counsel did not sign it. Thus, it was not an agreed entry.
 {¶ 12} For the reasons discussed above, the trial court erred by entering an order in conflict with the adopted agreement and not supported by the record. The first assignment of error is sustained. *Page 10 
 {¶ 13} The second assignment of error claims that the trial court erred when in a temporary order dated July 23, 2007, it required Roger and Rene to file for bankruptcy and ordered Roger to dismiss his CPO petition in Indiana against his soon to be ex-step-mother. Roger argues that the trial court lacked jurisdiction to order him to file a bankruptcy petition in federal court or to dismiss a petition in an Indiana court. Rene agrees that the trial court lacked this jurisdiction, but claims that Roger agreed to do so. Rene claims that the parties had reached an agreement and the temporary order was an agreed entry. However, the record again clearly indicates that neither Roger nor his counsel signed the agreed entry as they did not approve it. No hearing was held placing the alleged agreement on the record. In fact, the record lacks any evidence to indicate that the parties had mutually agreed to file bankruptcy or to dismiss the CPO petition. Without any evidence on the record to show that the parties had an agreement, the only evidence is that Rene agreed, Roger did not, and the trial court ordered him to act as set forth in the temporary order. Therefore, this court has no choice but to find that the trial court lacked jurisdiction to order Roger to dismiss a petition in an Indiana court or to require Roger to file a petition in federal court and the trial court abused its discretion by entering the order.[3] The second assignment of error *Page 11 
is sustained.
 {¶ 14} The judgment of the Court of Common Pleas of Paulding County is reversed and the matter is remanded for further proceedings in accord with this opinion.
Judgment Reversed and Cause Remanded.
 PRESTON and ROGERS, J.J., concur.
[1] Without a hearing, there is no evidence as to the amount in the retirement account or to what percentage, if any is premarital.
[2] This notice of change was also brought before the trial court when Roger filed a motion to modify the temporary child support order at the time he became unemployed. This motion was never addressed by the trial court.
[3] This court notes, however, that it lacks jurisdiction to change any matter that has occurred in those courts and any action taken in compliance of the order cannot be undone by this court. *Page 1