[Cite as *In re Z.H.*, 2013-Ohio-1278.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12 MA 27 |
| | ) | |
| Z.H. | ) | |
| | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from the Court of Common Pleas, Juvenile Division, of Mahoning County, Ohio Case No. 10 JG 356 |
| JUDGMENT: | Affirmed. |

APPEARANCES:

| | |
|---|---|
| For Appellant: | Atty. Gregory Hail Holland & Muir 55 S. Miller Road, Suite 103 Akron, Ohio 44333-4167 |
| For Appellees: | Atty. James S. Gentile The Liberty Building 42 N. Phelps St. Youngstown, Ohio 44503 |

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: March 27, 2013

WAITE, J.

{¶1}  This is an appeal in a grandparent's visitation case that originated in juvenile court.  Appellant S.H. is the mother of minor child Z.H., born on March 6, 1999.  Appellees, Andrew Bowell and Nancy Christie, are the parents of S.H. and are the maternal grandparents of minor child Z.H.  The grandparents were granted visitation on August 3, 2010.  Appellees filed a contempt motion against Appellant in August of 2011 due to the denial of all visitation after April 17, 2011.  The court ordered the matter to mediation and the parties reached a partial agreement.  After reviewing the partial agreement, the court modified and then accepted the agreement at the motion hearing.  Appellant has not demonstrated any reversible error in the court's judgment.  The parties presented the court with a mediated agreement resolving the visitation dispute as a way to settle the contempt motion, and they failed to object to the modifications made to the agreement at the final hearing.  The judgment of the Mahoning County Court of Common Pleas, Juvenile Division, is affirmed.

## Background to the Appeal

{¶2}  Appellees filed a motion for visitation with Z.H., pursuant to R.C. 3109.12, on February 12, 2010, in the Mahoning County Court of Common Pleas, Juvenile Division.  Appellees are the maternal grandparents of the child.  They were divorced before the child was born, but were jointly seeking visitation rights with the child.  Their daughter S.H. is the Appellant in this appeal and is the natural mother of the child.

**{¶3}** Various temporary visitation orders were issued while the case was being prepared for trial. A full hearing was held on June 14, 2010, before a magistrate. All parties were represented by counsel and a guardian ad litem represented the interests of the child. The magistrate determined that visitation was in the best interests of the child and prepared a non-standard visitation order. The magistrate's order was filed on August 3, 2010. The court adopted the magistrate's decision on August 10, 2010. Appellant filed objections to the factual findings of the magistrate. The objections were dismissed for lack of proper jurisdiction under Juv.R. 40. Appellant filed a motion for reconsideration, which was granted, and the objections were set for hearing on November 1, 2010, which was later continued to December 6, 2010.

**{¶4}** Appellees filed a contempt motion on September 28, 2010. This was also heard on December 6, 2010. As a result of that hearing, the court dismissed the contempt motion, and Appellant withdrew her objections to the August 3, 2010, magistrate's decision. Appellees were given visitation the second full weekend of each month from Friday to Sunday; December 27th to 29th each year; two days during spring break; and one week in the summer. Rules were also set up governing holidays and missed visitation days. The judgment entry was filed on December 6, 2010. No appeal was taken of this final order.

**{¶5}** On August 1, 2011, Appellees filed a second motion for contempt. They alleged that Appellant had terminated all visitation as of April 17, 2011. Appellant filed a motion for an in-camera interview with the child. A hearing was

scheduled for August 23, 2011, and was continued to September 22, 2011. The court approved the in-camera interview and continued the contempt hearing to October 31, 2011. After the October 31st hearing, the court ordered the parties into mediation and ordered the in-camera interview sealed. A judgment entry to this effect was filed on November 3, 2011. The court did not rule on the contempt motion at this time.

{¶6} A review of the mediation hearing was set for January 30, 2012. (1/20/12 J.E.) The parties were represented by counsel at the review hearing, and the guardian ad litem also appeared. The main purpose of the hearing was to review and adopt a memorandum of understanding that had been reached between the parties. (1/30/12 Tr., p. 2.) The court reviewed and modified the mediated settlement without objection from the parties. The court's judgment entry incorporating the settlement agreement is dated January 31, 2012. This timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN ISSUING ITS FEBRUARY 22, 2012, VISITATION ORDER, AS THE PARTIES WERE NOT GIVEN THE OPPORTUNITY FOR HEARING, AND THE MATTER WAS ONLY SCHEDULED AS A MEDIATION REVIEW HEARING.

{¶7} Appellant claims that the issue of visitation was not before the court at the January 30, 2012, hearing. She argues that the court had no authority to change the parties' partial agreement worked out during mediation, nor could it change the

previous visitation order without holding a full evidentiary hearing. Appellant argues that the only issue before the court on January 30, 2012, was the mediation agreement that arose from the contempt motion filed by Appellees. Appellant does not consider a contempt action sufficient grounds for modifying visitation. Appellant's argument is not well-taken.

{¶8} We need to clarify from the outset the nature of the trial court action that has led to this appeal. Appellant insists that Appellees never filed a motion to modify visitation, that the only matter before the court was contempt of court and that the contempt motion was never resolved by the court. Appellant urges that as no motion to modify visitation was filed, the modified visitation order should never have been issued in lieu of a resolution of the contempt action. Appellant is under the mistaken impression that a court, in resolving a motion for contempt due to violations of a visitation order, is not permitted to include terms of visitation in its final judgment. The purpose of civil contempt is to coerce compliance with the court's order, or to provide a remedy to the injured party for the contemnor's disobedience. *Brown v. Executive 200, Inc.,* 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). Obviously, in forming a remedy for violation of a visitation order, the court will need to consider how to compensate the injured party for the lost visitation and how to insure that proper visitation occurs in the future. Thus, a civil motion for contempt for failure to allow visitation, by its very nature, calls for the court to resolve the underlying visitation problem.

**{¶9}** This record reflects that this matter started out as a civil contempt motion arising from a visitation dispute, and evolved into a negotiated settlement between the parties resolving the visitation dispute. The contempt motion was jointly reframed to the court as a modification of visitation by virtue of the parties' negotiated settlement. The parties cannot now complain that the court should have simply ruled on the contempt motion when they jointly agreed to resolve the dispute by means of a modification of visitation. Further, when the court concluded the hearing by asking "[Are] there any questions from either party or counsel as to the interpretation?" the parties remained entirely silent. (1/20/12 Tr., p. 4.) Under the "invited error doctrine," a party will not be permitted to take advantage of an error which he or she invited or induced the court to make. *State ex rel. Soukup v. Celebrezze*, 83 Ohio St.3d 549, 550, 700 N.E.2d 1278 (1998); *Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145 (1943), paragraph one of the syllabus. Thus, the parties cannot complain the court erred by interpreting the matter under review as a modification of visitation.

**{¶10}** A trial court's order regarding visitation will not be reversed absent an abuse of discretion. *Anderson v. Anderson*, 147 Ohio App.3d 513, 519, 771 N.E.2d 303 (7th Dist.2002). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶11}** The central focus in the trial court's consideration of visitation rights is the best interests of the children. *See* R.C. 3109.051(A) through (D); *Kelm v. Kelm*, 92 Ohio St.3d 223, 226, 749 N.E.2d 299 (2001). The court has the "power to restrict

the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child." *Callender v. Callender*, 7th Dist. No. 03-CA-790, 2004-Ohio-1382, ¶31, quoting *Anderson, supra*, at ¶519.

**{¶12}** Appellant concedes that the parties had reached an agreement on all issues except summer visitation. The actual agreement is not in the record, but the transcript of the January 30, 2012, hearing indicates that the main purpose of the hearing was to discuss the mediation agreement. Appellant claims that the trial judge "circumvented" the parties' agreement, but this is impossible to determine without a copy of the agreement as part of the record. Thus, we are left with the trial court's own statement that it was "adopting the memorandum of under -- of agreement made by the parties on January 25th, 2012, with a few changes." (1/20/12 Tr., p. 2.)

> It is a common and favored practice in Ohio for parties in domestic relations actions to resolve the issues between them through negotiated settlement. *Sundstrom v. Sundstrom*, 11th Dist. No. 2005-A-0013, 2006-Ohio-486, at ¶22; *Booth v. Booth*, 11th Dist. No. 2002-P-0099, 2004-Ohio-524, at ¶6. "Where the parties reach such an agreement in the presence of the court, the agreement constitutes a binding contract and the trial court may properly sign a judgment entry reflecting the settlement agreement." *Booth*, 2004-Ohio-524, at ¶6, citing *Spercel v. Sterling Industries, Inc.* (1972), 31 Ohio St.2d 36, 285 N.E.2d 324, paragraph two of the syllabus. Although binding on the parties, a

settlement agreement is not binding on the court, which has the discretion to adopt the agreement, reject the agreement, or adopt portions of the agreement while ruling separately on other issues. *Eyre v. Eyre*, 11th Dist. No. 2003-P-0133, 2004-Ohio-6685, at ¶15 (citation omitted).

*Dvorak v. Petronzio*, 11th Dist. No. 2007-G-2752, 2007-Ohio-4957, ¶17; *see also*, *Ashbury v. Ashbury*, 3d Dist. No. 11-08-2, 2008-Ohio-2609, ¶3.

**{¶13}** A settlement agreement negotiated by the parties in court "may be incorporated into the judgment entry even in the absence of an agreement in writing, or an approval of the judgment entry signed by a party or his attorney." *Holland v. Holland*, 25 Ohio App.2d 98, 266 N.E.2d 580 (10th Dist.1970), paragraph two of the syllabus; *accord*, *Castro v. Castro*, 7th Dist. No. 99 C.A. 249, 2000 WL 1714448, *2. In addition, "[s]uch an in-court settlement agreement is enforceable by the court even where one of the parties to such settlement intended to include additional provisions or limitations which were neither included in the settlement agreement nor expressed by such party at the time of making such agreement." *Holland* at paragraph three of the syllabus.

**{¶14}** Since the trial court had the authority to modify and finalize, in open court, the terms of the negotiated visitation agreement, and because the parties failed to object to the modifications made by court to the earlier proposed agreement, no reversible error occurred in this matter.

{¶15} Appellant broadly argues that the trial court erred by engaging in a number of "off the record" discussions, and by fashioning a new visitation order based on those "off the record" discussions. Again, the trial court was fully within its power to make changes to the agreement of the parties. We also note that this record does not appear to support Appellant's allegations.

{¶16} Finally, Appellant contends that her counsel was not permitted to present evidence, cross-examine witnesses, or argue her case to the judge. Once again, these accusations are not supported by the record, and are in large part irrelevant because the parties presented the court with a joint negotiated recommendation rather than proceeding to a full evidentiary hearing on the merits of the contempt motion or the underlying visitation issues. After the judge reviewed the changes to the negotiated agreement, she asked if there were any questions, and Appellant's counsel did not respond. The record does not reflect any objections from Appellant's counsel regarding any aspect of the January 30, 2012, hearing. "[A]n appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982).

{¶17} Because the trial court did not exceed its powers and Appellant has raised no error apparent from the record, the sole assignment of error is overruled.

## Conclusion

{¶18} Appellant contends that the court issued a modified visitation order without authority to do so. She argues that the matter before the court was a

contempt action, not visitation. Appellant asserts that she was not permitted to present evidence about visitation, and that the court was not permitted to change the mediated settlement agreement presented to the court. These arguments are all without merit. Appellant cites no case, statute or other precedent to support her contentions, and does not identify by a cite to the transcript any part of the January 30, 2012, hearing transcript that constitutes reversible error. The court had before it a contempt motion filed due to a visitation dispute. The parties presented the court with a mediated settlement of the dispute, and the court used the hearing to forge a final agreement which resolved both the contempt motion and the visitation concerns. A court is not required to simply accept a negotiated settlement agreement, and when the parties, with the assistance of the court, come to a final form of a mediated settlement, the parties cannot afterward complain that the settlement fails to meet their expectations. *Holland*, *supra*, paragraph three of the syllabus. For these reasons, the judgment of the juvenile court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.