[Cite as *Reynolds v. Reynolds*, 2022-Ohio-334.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

ASHLEY L. REYNOLDS,

      Plaintiff-Appellee,

- v -

NICHOLAS J. REYNOLDS,

      Defendant-Appellant.

**CASE NO. 2021-L-061**

Civil Appeal from the
Court of Common Pleas,
Domestic Relations Division

Trial Court No. 2009 DR 000170

## O P I N I O N

Decided: February 7, 2022
Judgment: Affirmed

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*Jay F. Crook*, Jay F. Crook, Attorney at Law, LLC, 30601 Euclid Avenue, Wickliffe, OH 44092, and *Jon D. Axelrod*, Axelrod Law Office, 7976 Tyler Boulevard, Mentor, OH 44060 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Nicholas J. Reynolds ("Father"), appeals the judgment adopting the parties' agreement regarding counseling and parenting time for the parties' child. We affirm.

{¶2}    Father and appellee, Ashley L. Reynolds ("Mother"), are the parents of one child born in 2007. In 2009, the parties divorced. The divorce decree designated Mother the residential parent and legal custodian of the child and provided Father with parenting time pursuant to the trial court's standard order.

{¶3} In 2018, the parties filed several post-decree motions, including motions for contempt and a motion filed by Mother to modify or terminate Father's parenting time. Following a magistrate's hearing in March 2019, the magistrate issued decisions on the motions, to which Mother objected. On March 4, 2020, the trial court issued two judgment entries. In one entry, the court ruled on Mother's objections to the magistrate's decision on her motion to terminate or modify parenting time. The court denied the motion insofar as Mother requested terminating Father's parenting time and partially granted her request for modification. The court ordered a graduated parenting schedule between Father and the child culminating in the standard order of parenting time pursuant to the court's local rule. In the other entry, the trial court ruled on Mother's objections to two magistrate's decisions ruling on contempt. The court found Mother in contempt for denying Father parenting time as previously ordered and provided her the opportunity to purge the contempt by paying for, and fully cooperating in, the child's counseling that had previously been ordered and by providing Father an additional ten days of parenting time in the summers of 2020 and 2021.

{¶4} In 2020, Father filed motions requesting the trial court to hold Mother in contempt for violating the March 4, 2020 entries and asking the court to impose jail sentence for Mother's failure to purge her contempt. In support, Father averred that Mother continued to deny him parenting time with the child.

{¶5} The trial court held a hearing on the motions via remote video conferencing in February 2021. Thereafter, the trial court approved an entry designated "agreed judgment entry," which states that the parties appeared at the hearing and entered into an agreement on the record resolving all matters before the court. The agreed entry

2

requires the parties to utilize a certain counseling center for reunification counseling between Father and the child; the child to first attend a one-on-one session with the counselor; and Father's parenting time to proceed pursuant to the counselor's recommendations. The agreed entry is not signed by Father or his counsel.

{¶6} In his sole assigned error, Father contends:

> It is an abuse of discretion for a trial court to issue an order where parenting time for a non custodial parent is determined by a counselor for a minor child when the minor child[']s appearance at the counseling sessions is solely controlled by the non custodial (sic.) parent who has shown a history of animosity towards the non custodial parent and who had previously moved to have the non custodial parent[']s rights terminated.

{¶7} The appealed entry indicates that it reflects the agreement of the parties. "It is a common and favored practice in Ohio for parties in domestic relations actions to resolve the issues between them through negotiated settlement." *Dvorak v. Petronzio*, 11th Dist. Geauga No. 2007-G-2752, 2007-Ohio-4957, ¶ 17, citing *Sundstrom v. Sundstrom*, 11th Dist. Ashtabula No. 2005-A-0013, 2006-Ohio-486, ¶ 22 and *Booth v. Booth*, 11th Dist. Portage No. 2002-P-0099, 2004-Ohio-524, ¶ 6. "Where the parties reach such an agreement in the presence of the court, the agreement constitutes a binding contract and the trial court may properly sign a judgment entry reflecting the settlement agreement," regardless of whether one of the parties refuses to sign the agreement when reduced to writing. *Dvorak* at ¶ 17, quoting *Booth* at ¶ 6, citing *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972), paragraph two of the syllabus; *Booth* at ¶ 6, citing *Camsky v. Camsky*, 7th Dist. Belmont No. 99 BA 31, 2000 WL 1159525, *3 (Aug. 11, 2000), *Kelley v. Kelley*, 76 Ohio App.3d 505, 509, 602

3

N.E.2d 400 (8th Dist.1991), and *Gulling v. Gulling*, 70 Ohio App.3d 410, 412, 591 N.E.2d 349 (9th Dist.1990).

{¶8} Here, neither Father nor his counsel signed the agreed judgment entry, and the record does not contain a transcript of the February 2021 hearing.[1] However, Father acknowledges in his brief that the parties read the agreement onto the record, under oath. The entry indicates the same, specifying that the trial court placed both parties under oath and questioned them as to their agreement before adopting the agreement. Father makes no argument that the written judgment entry is incongruous with the agreement that was read onto the record.

{¶9} Generally, a party may not challenge on appeal a judgment to which he has agreed. *See Booth* at ¶ 9. Accordingly, as Father's assigned error pertains to modification of his parenting time to which he agreed, he is precluded from raising this challenge on appeal. Moreover, to the extent that Father argues that the trial court erred in adopting the agreement without expressly including in the entry that a parenting time modification was in the child's best interests, an explicit best interest finding is not required under the relevant provisions of R.C. 3109.051. *See also Ervin v. Ervin*, 10th Dist. Franklin No. 75AP-581, 1976 WL 189399, *3 (Feb. 26, 1976) ("inherently by approving the agreed entry, there is a presumption that the court has determined that the visitation order was in the best interest of the child, even though no specific statement of that determination was contained within the order").

{¶10} Accordingly, Father's sole assigned error lacks merit.

---

1. In his notice of appeal, Father indicated that he had requested preparation of a transcript. However, the record transmitted on appeal contains a transcript of only the March 2019 hearing, which was the subject of the prior objections and orders discussed in paragraph three herein.

4

{¶11} The judgment of the trial court is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2021-L-061